Job M'Connel and Others, Administrators of James Mor-
ton, deceased, *v.* William Morton.

For want of an affidavit that "it is not for the purpose of delay that the appeal
is entered," &c., the appeal of an administrator from an award of arbitrators
will be dismissed.

Error to the District Court of Allegheny.

*Sept.* 5.    William Morton brought suit against the administra-
tors of his father, for work done for the decedent in his lifetime.
He arbitrated the case, and obtained an award for $1,000, from
which defendants appealed, in person, without making oath or
affirmation that it was not for the purpose of delay, &c., &c.    The
prothonotary did not require the oath.    The plaintiff took a rule
to dismiss the appeal, which rule, on the ground of the want of the
affidavit, was made absolute.

The dismissing of this appeal was assigned for error.

*Flanegin*, for the plaintiff in error.—The Insurance Company *v.*
Hewes, Executor, &c., 5 Binn. 508 ; Pugh *v.* Ottenkirk, 3 W. & S.
172; Maule *v.* Shafer, 2 Barr, 404; Seibert *v.* Hocker, 1 Miles, 263.

*Hasbrouck*, contrà.

The opinion of this court was delivered by

Coulter, J.—Either party may appeal from the award of arbi-
trators under certain restrictions and limitations, one of which is,
that the party appellant, his agent or attorney, shall make oath or
affirmation, that it *is* not for the purpose of delay such appeal is
entered, but because he firmly believes injustice has been done.

The policy of the law is to prevent frivolous appeals entered in
caprice or under the excitement of passion.    The rule embraces all
parties litigant; but there is an exception in the 31st section of
the act 1836, in favour of executors, administrators, or other per-
sons suing or sued in a representative character, or minors, in these
words : " The appeal shall be good without the payment of costs
or entering in recognisance, if such appellant shall not have taken
out the rule of reference."    This exception does not embrace the
making of the affidavit, and the old maxim is, that the exception
proves the rule, that is, makes the general rule good so far as the
exception does not reach.    We see no reason why a person who
sues or is sued in a representative capacity should be exempted
from making the affidavit.    Such persons especially do not act

within the line of their duty, if they appeal and put the estate to further costs, unless they believe injustice has been done; and if they so believe, they can have no difficulty in making the affidavit required. They are not exempted by the phraseology of the statute; and there is no good reason why the language should be extended to embrace them, because the interest of the estates which they represent requires that they should not protract litigation, without a belief resting on their minds that justice required it. If they have no purpose of mere delay, and honestly believe that a jury trial is necessary to do justice, they can obtain that trial by complying with the statute.

The cases cited by the counsel for the plaintiff in error do not touch the point raised in this case.

Judgment affirmed.