# Daniel D. Young *v.* Frank F. Colvin, Appellant.

*Justice of the peace—Appeals—Costs—Corporations.*

A corporation, other than municipal, on appealing from the judgment of a justice of the peace, must give bail absolute for the payment of debt, interest and costs on affirmance of the judgment, as provided by the acts of March 22, 1817, sec. 4, P. L. 128, and March 15, 1847, sec. 1, P. L. 361.

Argued May 13, 1895. Appeal, No. 164, July T., 1894, by defendant, from judgment of C. P. Bedford Co., April T., 1893, No. 117, on scire facias sur recognizance on appeal from a jus tice of the peace. Before Sterrett, C. J., Green, McCollum, Mitchell and Dean, JJ. Affirmed.

Scire facias sur recognizance on appeal from the judgment of H. C. Davidson, Esq., a justice of the peace.

Longenecker, P. J., filed the following opinion :

" On or about the 23d of November, 1889, a charter was granted and letters patent issued by the commonwealth of Pennsylvania to a corporation under the name and style of the Pennsylvania and West Virginia Railroad Company, to build a railroad in the counties of Bedford and Blair. On the 8th of October, 1892, the plaintiff sued the company before Harry C. Davidson, Esq., a justice of the peace in Bedford-borough, and recovered a judgment, from which the company appealed and the defendant became surety on the recognizance to secure the appeal. It was taken under the 1st section of the act of March 15, 1847, P. L. 361, in these words :

" ' And now, March 3, 1892, defendant appeals. Frank E. Colvin appears and acknowledges himself bound as bail absolute to plaintiffs in the sum of $60.00 for the payment of debt, interest and costs adjudged to be paid by the defendant on affirmance of this judgment.'

[Signed]                    " ' FRANK E. COLVIN.'

" ' Taken and acknowledged before me this 3rd day of Nov. 1892.'

[Signed]                    " ' H. C. Davidson, J. P.'

" In the common pleas, the plaintiff again recovered judgment against the company, after which a sci. fa. sur recognizance was sued out against Colvin, the bail, to recover the debt and interest, he having already paid the costs. On June 27, 1893, the parties to this suit entered into an agreement to try it before the court without a jury, under the act of April 22, 1874. On the 17th of July, 1893, the evidence was taken.

" The case was subsequently argued on the law, but the court's notes taken at that hearing having become mislaid, we ordered a reargument, and on the 9th of February, 1894, full briefs were submitted by counsel, who then consented that we should consider the case on their briefs and dispose of it without further oral argument.

" There is a little difference in the testimony of the defendant and the justice of the peace as to what transpired at the time the recognizance was given. The justice suggested it should be bail absolute for debt, interest and costs under said act of 1847, while the defendant says he doubted it, but replied to the justice that he might be correct and so wrote the recognizance accordingly.

" It seems the plaintiff's counsel advanced him money on his claim pending this proceeding and took an assignment of it March 21, 1893, and that the defendant offered to pay the debt and interest if the judgment were assigned to him, but the plaintiff and his counsel declined to accept it on that condition, alleging that he was not entitled to an assignment.

" The defense interposed in this case raises the single legal question whether a corporation, other than municipal, on appealing from the judgment of a justice of the peace, must give bail absolute for the payment of debt, interest and costs on affirmance of the judgment, as was provided in sec. 4 of the act of March 22, 1817, P. L. 128, 6 Sm. L. 438, and sec. 1 of the act of March 15, 1847, P. L. 361. The phraseology of the two statutes is identical, viz :

" ' When any corporation shall be sued and shall appeal or take a writ of error, the bail requisite in that case shall be taken absolute for the payment of the debt, interest and costs on affirmance of the judgment.'

" The only difference being that in the act of 1847 are inserted these words : ' Municipal Corporations excepted,' but the courts had already incorporated this exception into the practice under the earlier act : Robinson v. Jefferson Co., 6 W. & S. 16 ; King v. Dist. of Penna., 1 Phila. 402.

" Notwithstanding the intervening legislation, the act of 1817 was probably still in force at the time of the passage of the act of 1847 : Rush v. Home Mutual Life Asso., 4 Pa. C. C. R. 523.

" But if it be regarded as repealed and that of 1847 as a re-enactment of its provisions, the same construction which the earlier act received from the courts must also apply to the latter act, because the re-enactment of the statute which had received judicial interpretation amounts to a legislative adoption of such construction : Evans et al. v. Ross, 107 Pa. 231 ; Endlich on Int. of Stat., secs. 368, 369.

" In the brief submitted to us by defendant, he contends that the act of 1847 ' regulates appeals in writs of error to the Supreme Court alone,' and relies on the cases of Erie & A. R. R. Co. v. At. & Gr. Western R. R. Co., 3 Pitts. R. 232, and Throop v. Ins. Co., 2 Pears. 306, to support this theory. That was not the construction placed on the act of 1817 : Schuylkill Nav. Co. v. Thomas, 13 S. & R. 431 ; Morris v. Del. & Schuylkill Canal Co., 4 W. & S. 461 ; Turnpike Co. v. Naglee, 9 S. & R. 227.

" From these cases it will be seen that the act of 1817 was held to apply to appeals from arbitrators, aldermen, and justices of the peace. Hence, under the rule of construction just mentioned, 107 Pa. 231, 232, it follows that the act of 1847 must likewise be held to apply to appeals in such cases. The latter act was passed, as its language indicates, to settle existing doubts as to the effect of the 1st section of the act of 1845 on appeals and writs of error by corporations, and those doubts were dispelled by a re-enactment of the precise words of the act of 1817. We regard the act of 1847 as being in full force to-day, as far as it relates to appeals from justices of the peace, unaffected by the later enactments of March 21, 1849, P. L. 216, and April 25, 1850, P. L. 571. The first of these relates only to foreign corporations in suits brought in courts of record, while the 12th section of the other concerns only appeals from awards of arbitrators and leaves untouched the subject of appeals from justices of the peace. The industry and acumen of counsel on both sides, aided by our own examination, have failed to discover any expression of the Supreme Court, since the passage of the latter statutes, as to their effect on the act of 1847, and those of the lower courts are in conflict. By far the best considered case we have seen of the common pleas courts, is that of Rush v. Life Asso., supra, in which Judge ARCHBALD, after a very intelligent review of the various statutes and decisions, holds that the act of 1847 is still in force except as modified by the act of 1850 concerning appeals from awards of arbitrators alone. He says its ' provisions as to other appeals by corporations than those from awards of arbitrators, of course, remain unaffected and in force.'

" Though the very point is not decided in Shivery v. Grauer, 2 Dist. R. 387, yet Judge FURST treats the act of 1847 as in force and applying to appeals from justices of the peace, and the only reason the bail was not held in that case was because the appeal was not filed, and there being no affirmance of the judgment, the condition of the recognizance was not broken.

" In the case at bar, the appeal was filed and the judgment affirmed, or sustained, by a recovery in the Common Pleas.

" [Being of opinion that the Pa. & West Va. R. R. Company were required to enter into a recognizance with bail to secure the debt and interest as well as the costs, and the recognizance

having been properly given in that form by the defendant, and the plaintiff's judgment being affirmed, the liability of the defendant thereupon became fixed for the full amount of the debt, interest and costs.] [1]

" And now, April 4, 1894, the court find for the plaintiff, Daniel D. Young, and against the defendant, Frank E. Colvin, Esq., the sum of $36.43 with interest thereon from Feb. 3, 1893.

" The prothonotary is directed to give notice of this finding to the parties or their attorneys, and if no exceptions are filed thereto within thirty days after the service of such notice, let judgment be entered by the prothonotary hereon according to said finding."

The court subsequently entered judgment for plaintiff.

*Errors assigned*, among others, were (1) portion of opinion as above, quoting it, and (2) entry of judgment for plaintiff.

*Frank E. Colvin* and *Alexander King*, for appellant, cited : King v. Culbertson, 10 S. & R. 325 ; Bolton v. Robinson, 13 S. & R. 193 ; Carpentier v. Delaware Ins. Co., 2 Binn. 263 ; Rogers v. Glendower Iron Works, 17 W. N. C. 444 ; Brown v. Co. Com., 21 Pa. 43 ; Saving Fund Society v. Philadelphia, 31 Pa. 181 ; State v. Wilson, 82 Am. Dec. 163.

*Harry Cessna*, for appellee, cited : Slutter v. Kirkendall, 100 Pa. 307 ; Berkstresser v. Com., 127 Pa. 15 ; act of March 22, 1817, Sm. L. 438 ; A. & C. R. Co. v. Atl. & Great West. R. R., 3 Pitts. 232 ; Germ. & Perkiomen Turnpike Co. v. Naglee, 9 S. & R. 227 ; Washington, etc., Turnpike Road v. Cullen & Crane, 8 Sand. R. 517 ; Thomas v. Stewart, 2 P. & W. 475 ; Morris v. Del. & Schuyl. Canal, 4 W. & S. 461 ; Beers v. West Branch Bank, 7 W. & S. 365 ; act of March 21, 1849, P. L. 216.

PER CURIAM, May 27, 1895 :

It is unnecessary to add anything to what has been said, on the question involved, by the learned president of the court below.    We find no error in the judgment, and affirm it on his opinion.

Judgment affirmed.