## Ridley *v.* McKinley Mutual Beneficial Society, Appellant.

*Justice of the peace—Judgment—Appeals—Acceptance of service—Sci. fa. sur recognizance—Bail.*

1. Where an appeal from a judgment of a justice of the peace is submitted to arbitrators and affirmed on their award, and subsequently a scire facias is issued to the same term and number against the sureties on the appeal, the legality of the proceedings before the justice cannot be inquired into in proceedings under the scire facias, and the fact that the scire facias was issued to the same term and number as the appeal is no ground for reversing a judgment against the sureties.

2. Where in such a case an appeal is taken to the Superior Court by the sureties under the judgment against them on the scire facias, and there is nothing of record to show that the defendant in the judgment took a separate appeal to the Superior Court, the latter court will not recognize the defendant as an appellant.

3. When an appeal from a judgment of a justice of the peace is perfected and judgment obtained in the common pleas, it is in that court, and not before the justice that a scire facias sur recognizance against the bail must be sued out.

4. It seems that a defendant in a case before a justice of the peace may accept service of a summons in person or by counsel with the same effect as if personally served on him by the constable.

Argued Nov. 21, 1910.   Appeal, No. 250, Oct. T., 1910,

512 RIDLEY *v.* McKINLEY MUT. B. SOC., Appellant.

by defendants, from order of C. P. Delaware Co., June T., 1905, No. 266, making absolute rule for judgment for want of a sufficient affidavit of defense in case of William H. Ridley v. McKinley Mutual Beneficial Society, defendant, and W. S. Sykes and George Nugent, sureties. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Appeal from a judgment of a justice of the peace.

Scire facias sur recognizance.

The facts appear by the opinion of the Superior Court.

*Errors assigned* were as follows:

1. The court erred in making plaintiff's rule for judgment for want of a sufficient affidavit of defense on the part of the sureties, absolute.

2. The court erred in not making the rule of the defendant, the McKinley Mutual Beneficial Society, to strike off the appeal, award of arbitrators, and judgment thereon, absolute.

3. The court erred in permitting a judgment upon the sci. fa. sur recognizance to be entered against the defendant and the sureties thereon.

4. The court erred in not filing an opinion setting forth wherein the affidavits of defense filed by the sureties were not sufficient to prevent judgment.

5. That the suit on the recognizance is not properly brought in the common pleas.

*W. S. Sykes*, for appellants.

*William H. Ridley*, for appellee.

OPINION BY MORRISON, J., March 3, 1911:

We have in this case a lawyer for plaintiff and one of the defendants is also a lawyer and they have presented for our consideration a very peculiar record. It appears that the appellee obtained a judgment before a justice of

the peace against McKinley Mutual Beneficial Society and that defendant appealed to the common pleas of Delaware county, and W. S. Sykes and George Nugent became bail absolute for debt, interest and costs, to be paid on affirmance of the judgment. The case appears to have been put at issue in the common pleas and after some skirmishing between the plaintiff and the defendant, a rule of reference was entered and both parties were represented at the selection of arbitrators and thereafter duly appeared before them and offered evidence, and on June 3, 1909, the arbitrators awarded in favor of plaintiff and against defendant the sum of $135.60 and the award was, on the same day, filed in the prothonotary's office and no appeal being taken therefrom, judgment was entered thereon June 26, 1909. A fi. fa. was then issued on June 28, 1909, for the collection of debt, interest and costs and the same was duly returned by the sheriff "nulla bona." Then on July 2, 1909, a writ of sci. fa. was issued in the common pleas against the bail and this writ was duly served and on October 27, 1909, judgment was entered against the bail, by the court below, for want of a sufficient affidavit of defense. And as we understand the record it is from the latter judgment that this appeal is taken.

It appears from the record that the appeal from the justice of the peace was docketed and tried at No. 266, June Term, 1905, in the common pleas of Delaware county. The action was William H. Ridley v. McKinley Mutual Beneficial Society. In the present case instead of issuing a sci. fa. against the bail from that judgment to a new number it is issued and grafted into the suit against McKinley Mutual Beneficial Society in the manner indicated by the caption of this appeal. This is irregular but we cannot see that it furnishes any ground for the reversal of the judgment against the bail. By reason of the original judgment and the judgment on the sci. fa. being entered under the same number and term, the defendant lawyer conceives that he can in this appeal thresh over again all questions as to the legality of the judgment against Mc-

Kinley Mutual Beneficial Society. We think this is a mistake. The judgment against that defendant was entered on June 26, 1909, and we cannot discover from this peculiar record that it was ever appealed from. The present appeal, as we understand the record, is that of the bail from the judgment against them on the sci. fa. sur recognizance entered on October 27, 1909.

The bail in this appeal argue that the court never had jurisdiction of the McKinley Mutual Beneficial Society because one of the bail, the lawyer defendant, accepted service of the summons issued by the justice of the peace the same day it was served. The justice's record shows: "July 10, 1905. Summons issued and on same day constable returns service accepted by W. S. Sykes, Esq., attorney for defendant society. So answers Joseph McKniff, constable. Sworn before me this 10th day of July A. D. 1905. F. F. Williamson, Justice of the Peace." The bail now seeks to avoid their liability by contending, through the lawyer defendant, who does not deny that he was attorney for the original defendant, that the court never had jurisdiction of the McKinley Mutual Beneficial Society by reason of his acceptance of the service as above stated. It is conceded that the original defendant was a foreign corporation and so far as we can gather from the record no one has ever denied the authority of the counsel to accept said service, except himself. An attempt was made in the court below by the same counsel to have the appeal and judgment against the corporation stricken off and on August 7, 1909, the court granted a rule to show cause on the plaintiff why that should not be done, but from the record we cannot ascertain that said rule was ever disposed of by the court. Therefore, it appears that there is a judgment yet standing on the records of the court below against the corporation and it would appear that said judgment until stricken off or reversed is sufficient to support a sci. fa. in the present case.

But if we are wrong in the conclusion that no appeal was in fact taken to the judgment against McKinley Mutual

Beneficial Society, and that appeal is in fact before us, it must be quashed for the reason that the printed record furnished us shows that a rule procured by defendant's counsel is still pending in the court below to strike off that appeal and judgment. We will not of course pass on the merits of that judgment till said rule shall be disposed of by the lower court. That court may yet strike off that judgment.

While we do not consider the question of the proper service of the original justice of the peace summons properly raised for decision, yet we remark that it is not at all clear that the defendants' contention is sound as to that service. Section 14, Act of July 9, 1901, P. L. 614, provides that "The defendant named in, or added to any writ, may accept service thereof, in person or by counsel, with the same effect as if personally served therewith by the sheriff." Section 16 of the same act provides: "Writs issued by any magistrate, justice of the peace or alderman, shall be served in the county where they are issued, by the constable or other officer therein to whom given for service, in the same manner and with like effect as similar writs are served by the sheriff when directed to him by the proper court." Query, why may not a defendant in a case before a justice of the peace accept service of the summons in person or by counsel, with the same effect as if personally served on him by the constable? Under the law the learned counsel may have had more authority than he was aware of when he accepted service for the McKinley Mutual Beneficial Society. But the summons and acceptance of service are not printed and we could not say, if the question were properly before us for decision, whether or not the acceptance is in legal form. The counsel admits that said corporation is a foreign one and under the law it is clear that in appealing from the judgment of the justice of the peace it was bound to give bail absolute and bail was given in proper form: Young v. Colvin, 168 Pa. 449.

A question raised by an assignment of error is that the

recognizance should not have been sued in the common pleas. This is a mistake. When the appeal is perfected and judgment obtained in the common pleas there is the place to sue out a sci. fa. sur recognizance, and the plaintiff's claim thereon will be supported by the recognizance and the original judgment: Young v. Colvin, 168 Pa. 449.

We find no merit in any of the assignments of error and they are all dismissed.

Judgment affirmed and appeal dismissed at costs of appellant.