# Butler E. & F. Co. *v.* Butler Borough, Appellant.

*Road law—Juries of view—Appeals—Affidavits to appeal—Waiver.*

1. The provision of the Act of June 13, 1874, P. L. 283, conferring the right of appeal from award of viewers, providing "Any appeal taken pursuant to this act, shall be signed by the party or parties taking the same, or by his or their agent or attorney, and shall be accompanied by an affidavit of the party appellant, or his or their agent or attorney, that the same is not taken for the purpose of delay, but because affiant firmly believes that injustice has been done," is more than merely directory, and strict compliance with its terms is a condition essential to the jurisdiction of the court to hear the appeal.

2. An appeal by a borough from the award of viewers appointed to assess the cost and expense of certain street improvements and the damages and benefits upon the borough and the owners of abutting property, is properly quashed where the affidavit filed in support of the appeal avers nothing beyond the fact that the statement set out in the paper filed was correct and true.

3. Appearance through counsel under an issue framed by the court upon such an appeal does not constitute a waiver of the right to take advantage of the failure on the part of the appealing party to file the required affidavit.

Argued October 15, 1912. Appeal, No. 146, Oct. T., 1912, by defendant, from order of C. P. Butler Co., March T., 1912, No. 13, quashing appeal from award in case of Butler Engine and Foundry Company v. Borough of Butler. Before FELL, C. J., BROWN, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Appeal from award of viewers. Before GALBREATH, P. J.

The Borough of Butler, by virtue of an ordinance duly enacted, graded, paved and curbed Lookout avenue, a public street of said borough, upon which street the property of the Butler Engine and Foundry Company abuts. After the completion of the improvement the

Court of Common Pleas of Butler County appointed three viewers to assess the cost and expense of the improvement and the damages and benefits upon the borough and abutting property owners, which board of viewers on November 15, 1911, filed their report awarding the Butler Engine and Foundry Company special damages in the sum of $2,500.00, to be paid by Butler Borough, and assessed the Butler Engine and Foundry Company with special benefits in the sum of $556.29.

On December 13, 1911, the Borough of Butler appealed from the award of $2,500.00 special damages to the Butler Engine and Foundry Company. The affidavit attached to the appeal was as follows:

"John H. Wilson, being duly sworn according to law, deposes and says that the statements set out in the above and foregoing are true and correct."

The court awarded an issue in which the Butler Engine and Foundry Company was plaintiff and the Borough of Butler defendant.

On January 19, 1912, Marshall and Watson and John R. Henninger, attorneys for the Butler Engine and Foundry Company, filed their general appearance for the plaintiff in that issue. On February 10, 1912, the plaintiff on motion of the same attorneys moved the court to strike off the appeal for want of an affidavit. On March 6th, the Borough of Butler filed its answer to the rule, and the same was argued before the court March 18th, 1912. The court made the rule absolute and quashed the appeal, from which judgment the Borough of Butler appealed.

*Error assigned* was the order of the court.

*John H. Wilson,* for appellant.—The provisions as to the affidavit are merely directory: Means v. Trout, 16 S. & R. 349; Brentlinger v. Brentlinger, 4 Rawle 241.

The law favors the right of appeal. It involves the **right of trial by jury:** Womelsdorf v. Heifner, 104 Pa. 1.

The appellee waived strict compliance with the act: Proper v. Luce, 3 P. & W. 65; Heckert's App., 13 S. & R. 104; Wetter v. Kiley, 95 Pa. 461.

*John R. Henninger,* with him *Marshall & Watson,* for appellee.—The requirement of the act is mandatory: Haris v. Mercur, 202 Pa. 313; Norwegian Street, 81 Pa. 349; Thompson v. White, 4 S. & R. 135; Proper v. Luce, 3 P. & W. 65; Monaghan v. Philadelphia, 28 Pa. 207; M'Connel v. Morton, 11 Pa. 398; Dale v. Elder, 22 W. N. C. 59; Heckert's Appeal, 13 S. & R. 104; Beale v. Patterson, 6 S. & R. 89; Wilson v. Kelly, 81 Pa. 411; Marks v. Baker, 2 Pa. Superior Ct. 167; Page v. McNaughton, 2 Pa. Superior Ct. 519; Carbaugh v. Sanders, 13 Pa. Superior Ct. 361.

We contend that this appeal being illegal the same as the attachment in the above cited case, that the appearance would have no effect whatever, since it did not cause any delay, and the motion to quash was made at the first meeting of court thereafter.

Opinion by Mr. Justice Stewart, January 6, 1913:

Within the time prescribed by law, the Borough of Butler filed its appeal from the award of viewers appointed to assess the cost and expense of certain street improvements, and the damages and benefits upon the borough and the owners of abutting properties. The particular award appealed from in this case was that which gave to the Butler Engine and Foundry Company the sum of $2,500, special damages. The affidavit filed in support of the appeal averred nothing beyond the fact that the statement set out in the paper filed was correct and true, whereas the Act of June 13, 1874, P. L. 283, which confers the right of appeal in such cases, by Section 2, provides as follows: "Any appeal taken pursuant to this act, shall be signed by the party or parties taking the same, or by his or their agent or attorney, and shall be accompanied by an affidavit of

the party appellant, or his or their agent or attorney, that the same is not taken for the purpose of delay, but because affiant firmly believes that injustice has been done." Because of the failure to file such affidavit with the appeal the court below held the appeal radically defective, and, on motion of the appellee, it was stricken off. Appellant contends that so much of the act as indicates what the affidavit shall contain is merely directory, and the failure to observe it is nothing more serious than an irregularity which may be corrected; and, second, that, even though the provision in the act be regarded as mandatory, failure to comply is a matter which may be waived by the opposing party.

That it is more than an irregularity, and is a condition essential to the jurisdiction of the court to hear the appeal, is not only a plain inference from the language employed in the act, but is the construction which this court has given to the same language occurring in similar statutes, notably in that which provides for an appeal from the award of arbitrators, Act of 20th of March, 1810. This latter act requires that the appellant shall swear or affirm "that it is not for the purpose of delay such appeal is entered, but because he firmly believes injustice has been done." In the case of Thompson v. White, 4 S. & R. 135, the only particular in which the affidavit fell short of the statutory requirement was the omission therefrom of the word "firmly," the omission having a qualifying effect with respect to affiant's belief, whether so intended or not. Because of the omission the appeal fell. This may be said to be an extreme case of strict construction, but the necessity for such strict construction becomes apparent and entirely logical when we consider the underlying reason. The appeal there, as here, was a purely statutory remedy, allowed only when statutory requirements had been complied with, among others, the filing of an affidavit in a prescribed form. Except as this particular requirement had been complied with, the court was without jurisdic-

tion to hear the appeal. It was recognized that the court could take jurisdiction to itself by disregarding or relaxing the condition imposed by the legislature, only as it usurped legislative power. Of course it was strict construction, one that gave effect to every word in the provision of the act, but only because it manifestly accorded with legislative intent, and because any more liberal construction would leave the question of jurisdiction so elastic that it could never be determined by fixed standard. Our attention has not been called to a single case in which the rule here laid down has been departed from or relaxed. It was properly applied here. The distinction sought to be made by appellant's counsel goes no further than to the nature of the proceeding out of which the question arose. To this extent the distinction holds, but it suggests no difference in principle whatever. That such defect, failure to accompany the appeal with an affidavit in the prescribed form, may not be cured by amendment after the time allowed for the appeal, was clearly decided in Proper v. Luce, 3 P. & W. 65.

It is further argued that, by appearing through counsel in the issue framed by the court, the appellee waived the right to take advantage of appellant's failure to file the required affidavit. This would be true if the requirement were simply directory; but since it is mandatory and compliance essential to jurisdiction, waiver is impossible. Underlying this statute are considerations of public policy. The policy that finds expression here, as in M'Connel v. Morton, 11 Pa. 398, is the prevention of frivolous appeals entered in caprice or under the existence of passion. The maxim, privatorum conventio juri publice non derogat, here applies. Private compacts are not permitted to render sufficient between themselves, that which the law declares essentially insufficient.

The assignments of error are overruled and the judgment is affirmed.