Opinion by
 

 Arnold, J.,
 

 Plaintiff recovered a judgment before an alderman in Luzerne County in the amount of $176.25 for wages. Defendant attempted to appeal.
 

 The Act of 1870, P. L. 269, is a special act applying only to the County of Luzerne, and does not appear in Purdon’s Statutes. It reads: “Section 1. . . . That in all cases of appeals by defendants from the judgment of justices of the peace and aldermen in the county of Luzerne, obtained in any suit brought, . . . for the recovery of wages . . . the said defendant . . . shall,
 
 before any such appeal be granted,
 
 declare, on oath ... in writing, that the appeal is not for the purpose of delay, but that the judgment . . . is unjust and
 
 for more money than is justly due;
 
 and . . . shall. . . state . . . how much money, if any, there is justly due; and . . . the justice or alderman . . . [shall] enter such affidavit upon his docket, and . . . [shall] enter judgment for the sum, if any, admitted to be due . . .; and such judgment . . . for the sum admitted to be due . . . shall be final and conclusive; . . .” (Italics supplied.)
 

 
 *525
 
 Obviously the defendant did not comply with the Act, his affidavit not showing whether he denied all or only a part of the plaintiff’s claim. Furthermore, the affidavit does not set forth that the judgment is for more money than is justly due.
 

 After defendant filed his transcript in the common pleas, plaintiff moved to strike off the appeal because of noncompliance with the special Act of 1870.
 

 Defendant made no answer to the rule, but instead presented a petition asking leave to amend the affidavit of appeal to conform to the Act. The court below refused the amendment and struck off the appeal and defendant brings the case here.
 

 Appellant’s motion to amend contained no averment of any excuse for his failure to comply with the Act, but merely a naked statement that he had not followed it. The relief prayed for was to amend, nunc pro tunc, by making a proper affidavit
 
 after
 
 the appeal time. Such motions for nunc pro tunc relief should contain definite excusatory allegations, for the granting or refusing of the same is within the sound discretion of the court below; and in the absence of a clear abuse thereof its action will not be set aside:
 
 Patterson v. Gallitzin Building & Loan Association,
 
 23 Pa. Superior Ct. 54.
 

 In
 
 McGeehan v. O’Donnell,
 
 8 Luzerne Register 159, decided in 1895, Judge Woodward held that the terms of the Act were “definite and peremptory,” that is, that they must be complied with “before any appeal is granted.” To the same effect is
 
 Bredbenner v. Sorber,
 
 25 Luzerne Register 283, and
 
 Brittain v. Troy Coal Company et al.,
 
 29 Luzerne Register 23, the latter opinion being rendered in 1934. Since the Act of 1870 applies only to Luzerne County, the holdings of that court ought not lightly to be disregarded. In
 
 Butler E. & F. Co. v. Butler Borough,
 
 238 Pa. 180, 85 A. 1112, the plaintiff received an award of viewers for damages to his prop
 
 *526
 
 erty caused by street improvement. Defendant borough attempted to appeal, filing an affidavit that the statements set out in the paper filed were correct and true. The Act of 1874, P. L. 283, provided that an appeal from the award of viewers “. . . shall be signed by the party . . . taking the same, . . . and shall be accompanied by an affidavit of the party appellant . . . that the same is not taken for the purpose of delay, but because the affiant firmly believes that injustice has been done.” .The Supreme Court held that the terms of the Act of 1874 were not merely directory, but that strict compliance with its terms was a condition essential to the jurisdiction of the court to allow the appeal.
 

 The Acts of 1817, P. L. 128, §4, and of 1847, P. L. 361, §1 (now repealed) required that a corporation,, appealing from the judgment of a justice of the peace, must give bail absolute for debt, interest and costs. In all the cases under the Act it was held that Avhere the appellant did not furnish such bail absolute, the common pleas lacked jurisdiction of the appeal:
 
 Young v. Colvin,
 
 168 Pa. 449, 31 A. 1094;
 
 The Germantown and Perkiomen Turnpike Company v. Naglee,
 
 9 S. & R. 227.
 

 Since the court below lacked jurisdiction of the appeal, its order is affirmed.
 

 . . But there is an additional reason, not raised, why .the attempted appeal was defective and had to be stricken off. The Act of 1872, P. L. 47, 43 PS §233', and the Act of 1876, P..L. 43, 43 PS §234, require that in an appeal from a judgment for wages the defendant-appellant must give bail absolute for debt, interest’and costs. The .bail in the instant case was in the sum of $50.00 for costs accrued or to. accrue.
 

 Order affirmed.