Durika, Appellant, *v.* Derry Township School
District.

Argued May 27, 1960. Before Jones, C. J., Bell,
Musmanno, Jones, Cohen, Bok and Eagen, JJ.

*Edward S. Stiteler,* with him *John M. Horn,* and
*Smith, Best & Horn,* for appellants.

*Robert J. Milie,* for appellee.

Opinion by Mr. Justice Bok, June 30, 1960:

In October, 1958, the School District of Derry
Township, Westmoreland County, condemned a tract
of land owned by the appellant plaintiffs.

The School District then filed a petition for a Board
of View, and this was granted. In due course of time
the viewers saw the property and held a hearing, with
the result that in January, 1959, they filed their report

and awarded the appellants $13,500. This report was confirmed nisi.

Within thirty days appellants appealed from the report of the viewers by filing a complaint in trespass in the Court of Common Pleas. The School District filed preliminary objections alleging insufficiency of the complaint because its affidavit failed to meet the requirement of the Act of June 13, 1874, P.L. 283, §2, 26 PS §§61 and 62. The court below sustained the preliminary objections, ordered the complaint stricken, and confirmed the report of the viewers absolutely. The plaintiffs have appealed.

The sole question is the applicability of the Act of 1874. Section 1 of this Act asserts that where an appeal is not provided for by existing laws, it may be taken to the Court of Common Pleas of the proper county within thirty days. This was done. Section 2 then provides: "Any appeal taken pursuant to this act shall be signed by the party or parties taking the same, or by his or their agent or attorney, and shall be accompanied by an affidavit of the party appellant, or of his or their agent or attorney, that the same is not taken for the purpose of delay, but because the affiant firmly believes that injustice has been done."

The affidavit to the complaint reads: "Personally appeared before me, the undersigned authority, Steve J. Durika, who being duly sworn according to law, deposes and says that he is one of the plaintiffs in the within and foregoing complaint, and that the facts set forth therein are true and correct to the best of his knowledge, information and belief."

It is obvious that the affidavit to the complaint does not comply with what is required by the Act of 1874. In 1913, two years before the Practice Act of May 14, 1915, P.L. 483, 12 PS §391, we decided the case of *Butler Engine & Foundry Co. v. Butler County*, 238 Pa. 180 (1913), 85 A. 1112. In this case we flatly up-

held the Act of 1874 and struck off an appeal from a Board of View because the affidavit did not follow the shibboleth of the Act. Our reason was that while: "This may be said to be an extreme case of strict construction . . . the appeal . . . was a purely statutory remedy, allowed only when statutory requirements have been complied with, among others, the filing of an affidavit in a prescribed form." We accordingly held the statutory requirements jurisdictional and the Act mandatory.

For the same reason—that of doing strict obeisance to the statutes—we can now obviate this dry technicality, for statutes come and go and have done so, since 1874.

The Act of June 19, 1939, P.L. 441, No. 251, 16 PS §9487, provides, in Section 1:

"Section 1. In any appeal taken by a person, co-partnership, association or corporation whose property has been taken, damaged, injured or destroyed, from an award by a board of viewers for such property taken, damaged, injured or destroyed, it shall be sufficient for the appellant to make affidavit to the petition for said appeal in the same manner and form as is now made under the provisions of the [Practice] act, approved the fourteenth day of May, one thousand nine hundred fifteen (Pamphlet Laws, four hundred eighty-three), entitled, etc."

The Practice Act of 1915 simply required that the statement of claim "shall be sworn to by the plaintiff or some person having knowledge of the facts." This requirement went through the vicissitudes of judicial construction, but that is from our purpose. Section 2 of the Act of 1939 repealed all inconsistent Acts and parts of Acts, and this effectively took care of the Act of 1874, for if *Butler* means anything it means that nothing less than a Chinese copy of its provisions will

suffice, and the verification allowed by the Act of 1915 and its judicial decisions was anything but that: hence the two Acts are obviously incompatible.

Meanwhile, an Act, that of June 21, 1937, P.L. 1982, No. 392, Section 1, 17 PS 61, enabled this Court to promulgate Rules of Civil Procedure. As of January 1, 1947, such rules were promulgated by this court, 354 Pa. xxvi et seq. One of them, Rule 1024(a), reads as follows: "(a) Every pleading containing averments of facts not appearing of record in the action or containing denials shall be verified on oath or affirmation that the averments or denials are true upon the affiant's personal knowledge or information and belief. The affiant need not aver the source of his information or expectation of ability to prove the averments or denials at the trial. A pleading may be verified upon personal knowledge as to a part and upon information and belief as to the remainder."

It is apparent that the affidavit to the instant complaint conforms with this Rule. The Practice Act of 1915 is specifically suspended by name in Rule 1453(3).

If more were needed, it would be that the provisions of the Act of 1874 were obviously in the minds of the Procedural Rules Committee because they provided for the very type of 1874 affidavit in Rules 3 and *26, covering appeals from Administrative Agencies and in Workmen's Compensation cases, but in no other type of case.

In *Prudential Insurance Co. v. Himelfarb*, 362 Pa. 123 (1949), 66 A. 2d 257, we said, in connection with the Rules of Civil Procedure: "Consequently, by virtue of the Act of 1937, all of such rules are capable of working the suspension of acts of assembly." This is because the Act expressly says so. Hence the Rules would have suspended the Act of 1874 if the Act of 1939 had not already done so by necessary implication.

The order of the court below striking off the complaint and confirming absolutely the report of the Board of View is reversed and the record is remanded with a *procedendo,* costs to be paid by appellee.