## Petitions for Review to
## Board of Finance and Revenue

KANE, Attorney General; CAREY, JR., Deputy Attorney General; YAKOWICZ, Solicitor General, March 21, 1977 — You have asked whether the affidavit required to be filed with a petition for review pursuant to section 1103 of The Fiscal Code of April 29, 1929, P.L. 343, as amended, 72 P.S. §1103, is such an essential part of the petition that the failure to submit one within the 90-day appeal period, or the submission of one which does not substantially conform to the provisions of the act, renders the petition void, or whether the board may act on such petition provided only the affidavit is

supplied prior to the actual hearing date of the petition.

Section 1103 of The Fiscal Code provides in pertinent part:

"Within ninety days after the date of mailing of notice . . . . of the action taken on any petition for a resettlement . . ., the party with whom the settlement was made . . . may, by petition, request the Board of Finance and Revenue to review such action.

"Every petition for review . . . shall be supported by affidavit that it is not made for the purpose of delay, and that the facts therein set forth are true . . . A petition for review may be amended by the petitioner at any time prior to the hearing thereon. . . ."

Generally, where a statute provides that an appeal shall be accompanied by an affidavit, an affidavit in substantial compliance with the requirements of the statute is essential to the allowance of the appeal: 2 P.L.S., 332, §196; 4A C.J.S., Appeal & Error, 171, §§473, 475(b).

This issue was first considered by the Pennsylvania Supreme Court in 1818, in the case of Thompson v. White, 4 S. & R. 135 (1818). In that case, appeal was filed pursuant to the Act of March 20, 1810, 5 Sm. L. 131, entitled "An Act Regulating Arbitration." The act required an affidavit stating that the appeal was not entered for the purpose of delay, but because appellant firmly believed injustice had been done. The court held that the affidavit filed by appellant, which omitted the word "firmly," did not comply with the provisions of the statute, and the appeal was, therefore, dismissed.

In 1913, the case of Butler Engine & Foundry Co.

v. Butler Borough, 238 Pa. 180, 85 Atl. 1112 (1913), The Supreme Court again considered the issue, and once again ruled, on the authority of Thompson v. White, supra, that the statutory requirement that an affidavit be filed in conformity with the statute is a condition essential to the jurisdiction of the court to hear the appeal. The court stated that the underlying reason for requiring strict compliance with the statute lay in the fact that the right of appeal is a purely statutory remedy, and that to give the statute a more liberal construction "would leave the question of jurisdiction so elastic that it could never be determined by fixed standard." Id. at 238 Pa. 184, 85 Atl. 1114. The court also held that the defect could not be cured by amendment after the time allowed for the appeal, citing Proper v. Luce, 3 P. & W. 65 (1831).

Lower court cases which have adopted the same principle of strict compliance with the statute are Orban v. Makarczyk, 166 Pa. Superior Ct. 523, 72 A.2d 606 (1950); Brittain v. Troy Coal Company, 29 Luz. 23 (C.C.P. Luzerne, 1934); Bredbenner v. Sorber, 25 Luz. 283 (C.C.P. Luzerne, 1929).

Despite the cases cited above, there has been a recent tendency on the part of the courts to relax, wherever possible, the draconian rule of strict statutory compliance. Thus, if it is at all possible to distinguish Thompson[1] and Butler Engine from

---

1. The decision in Thompson was described in dictum as "shocking" by Judge Packel in Meta v. Yellow Cab Co. of Philadelphia, 222 Pa. Superior Ct. 469, 294 A.2d 898 (1972). He noted:

"Eventually our courts recognized that the harshness created by the hypertechnical application of these procedural rules was effecting more injustice than serving any substantial purpose."

the case at hand, the court will do so. It was on that basis that the court permitted the filing of an appeal in the case of Kochis v. Bertoncini, 17 D. & C. 2d 503 (C.C.P. Westmoreland, 1958), holding that the affidavit filed by appellant, while "not in exactly the form as prescribed by the . . . act . . ., did substantially conform . . ." Id. at 504.

In Clements v. Miller, 20 C.C. 270 (C.C.P. Tioga, 1896), the court noted that the statute in question provided that no appeal would be *entertained* until an affidavit was filed. This made the case distinguishable, said the court, from those cases involving a statute which provided that *before* an appeal was granted, an affidavit must be filed. Such obviously strained reasoning is illustrative of the lengths to which the courts have gone to circumvent the rulings in Thompson and Butler Engine. See also Linhart v. Cunningham, 6 Dist. 788 (C.C.P. Westmoreland, 1897); McNair v. Rupp, 3 Lack. L.N. 269 (C.C.P. York, 1897).

One further indication of this trend toward liberalization is the fact tha, in some instances, the courts have attempted to distinguish between those statutory provisions which are mandatory, and those which are jurisdictional. For example, in Black & Brown, Inc. v. Home for Accepted, 233 Pa. Superior Ct. 518, 335 A.2d 722 (1975), the court stated:

"We now . . . hold that the requirement that costs be paid during the appeal period is mandatory — but with the caveat that a valid attempt to make such timely and full payment, coupled with substantial though incomplete compliance with the requirement should not result in the harsh finality of an order quashing an appeal . . . . Rather, our courts should examine the appellant's attempts at compliance in order to determine whether an hon-

est effort has been made to meet the requirements of the statute." 233 Pa. Superiod Ct. at 522.

Some courts have simply ignored Thompson and Butler Engine. For example, in Cassidy v. Vandegrift, 50 D. & C. 2d 717 (C.C.P. Del., 1970), the affidavit omitted the words "because he firmly believes injustice has been done." The court permitted appellant to file an appeal in proper form nunc pro tunc, declaring that the case should be decided in accordance with the liberal spirit of Beth-Allen Sales Co. v. Hartford Insurance Group, 217 Pa. Superior Ct. 42, 268 A.2d 203 (1970). That case did not involve a defective affidavit, but rather the failure to file a recognizance with sufficient surety. The court decided that although the recognizance was defective, appellant should be afforded the opportunity of filing an amended recognizance nunc pro tunc. The decision, said the court, was "based on the belief that where a party has made an honest effort to file his appeal in accordance with the statute, and has substantially complied with the requirements, justice will not permit his appeal to be dismissed with prejudice." 217 Pa. Superior Ct. at 47. The court added, at page 48, that "to quash the appeal in these circumstances would result in a return to the supremacy of form over substance and the exaltation of technical detail over justice, an approach which courts in all areas have been opposing for many years."

However, despite the recent relaxation of the rules regarding a statutory compliance in appellate proceedings, it is, nevertheless, a fundamental principle that where the provision of a statute goes to the question of jurisdiction, failure to comply with that provision renders the proceeding void: Commonwealth v. Yorktowne Paper Mills, Inc., 419 Pa. 363, 214 A.2d 203 (1965). It is also

settled that parties may not stipulate appellate jurisdiction in disregard of statutory procedures: Foley Bros., Inc. v. Commonwealth, 400 Pa. 584, 163 A.2d 80 (1960). And, as noted above, the filing of an affidavit where required by statute is an integral and essential part of the appeal process, and has been held to go to the question of jurisdiction: Butler Engine, supra. Thus, in the final analysis the determination of the issue depends upon the conclusion reached with respect to the question of the legislature's intent in including in section 1103 the words: "a petition for review may be amended . . . at any time prior to the hearing thereon . . ." Without these words, it seems clear that a petition filed without affidavit or with a defective affidavit would be void. It is even more clear, however, that since the appeal process is a purely statutory remedy, the legislature may, if it wishes, provide for the filing of the affidavit, or an amendment to the affidavit, or an amendment to the petition itself, subsequent to the period established for the filing of the original petition. The only question to be resolved, therefore, is whether the legislature so intended when it drafted section 1103.

In attempting to answer this question, it is necessary to apply certain rules of construction as enunciated in recent court decisions. As noted above, the courts in recent years have exhibited a clear tendency to construe statutes dealing with the appellate process in a liberal fashion, so as to give emphasis to substance rather than to form: Beth-Allen Sales Co. v. Hartford Insurance Group, supra. It should also be noted that as recently as December 9, 1976, in the case of Coshey v. Beal, 27 Pa. Commonwealth Ct. 440, 366 A.2d 1295, (1976), the Commonwealth Court permitted the filing of a petition for refund before the Board of Finance and Revenue despite the fact that the filing

was beyond the two-year limitation contained in section 503 of The Fiscal Code. The court noted that although the timeliness of an appeal goes to the jurisdiction of the body appealed to and its competency to act, the "extraordinary combination of inexplicable behavior on the part of agents of the Commonwealth demands an extraordinary remedy."

One final consideration which militates against a rule of strict compliance in this case is the fact that the Board of Finance and Revenue is a statutory body created for the purpose of providing relief to persons who have paid moneys to the Commonwealth to which the Commonwealth is not entitled. In a sense, it is an equitable tribunal. In many cases, persons filing petitions with the board are not represented by counsel. To insist upon strict technical compliance with the statute would not be productive of either equity or justice.

Therefore, it is our conclusion that the courts would give a liberal interpretation to section 1103, and that so long as the petition has been filed within the 90-day appeal period, it is proper for the Board of Finance and Revenue to accept the filing of an affidavit or an amended affidavit at any time prior to hearing.