419 A.2d 657

Casmir DROZDOWSKI

v.

KEYSTONE TRUCK LEASING COMPANY, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 10, 1979.

Filed April 3, 1980.

Steven R. Waxman, Philadelphia, for appellant.

Carl M. Mazzocone, Philadelphia, for appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

SPAETH, Judge:

This is an appeal from an order denying appellant's motion to quash appellee's appeal *nunc pro tunc* from an arbitration panel's award.

On December 15, 1977, a panel of arbitrators filed a report and award in favor of appellant and against appellee. On December 29, appellee's counsel filed an appeal from the award to the Court of Common Pleas. Sometime between December 29 and January 9, 1978, the prothonotary returned the appeal to appellee's counsel because it was missing an affidavit stating that it had not been taken for the purpose

of delay. Record at 21. On January 4, the statutory period for appeal from an arbitration award expired. On January 9, appellee made out the affidavit of non–delay and apparently tried to file the appeal again with the prothonotary. On January 18 the prothonotary again returned the appeal because it had an incorrect docket number marked on it. Appellee then petitioned the lower court for leave to file the appeal *nunc pro tunc.* The petition alleged that the failure to file a timely appeal was due to inadvertent secretarial error. The lower court denied the petition. Appellee filed a petition for reconsideration, explaining that the secretarial error had been to type on the appeal an incorrect docket number, and that this had occurred because the arbitrators had put the incorrect number on their report and the secretary had copied it. The petition for reconsideration did not refer to the fact that no affidavit of non–delay had been filed before January 4. In response to the petition for reconsideration the lower court granted the petition for leave to file the appeal from the arbitrators' award *nunc pro tunc.* When the appeal was filed, appellant filed a motion to quash it. The motion was denied. This appeal followed.[1]

The Act of June 16, 1836, P.L. 715, § 27, as amended, 5 P.S. § 71 (Purdon's 1963), provides in pertinent part:

Either party may appeal from an award of arbitrators, to the court in which the cause was pending at the time the rule or agreement of reference was entered, under the following rules, regulations and restrictions, viz.:

I. The party appellant, his agent, or attorney, shall make oath or affirmation, that "it is not for the purpose

---

1. Appellee has filed a motion to quash this appeal, alleging that an appeal raising a question of jurisdiction, 12 P.S. § 672 (Purdon's 1953), as this one does, must be filed within twenty days, 17 P.S. 211.502(d) (Purdon's Supp.1979–1980). However, 17 P.S. 211.502(d) (Purdon's Supp.1979–1980) was repealed effective June 27, 1978, before this appeal was filed. Act of April 28, 1978, P.L. 202, No. 53, § 2(a) [1443] (Purdon's Supp.1979–1980). In the absence of any superseding legislation, the time for appeal is governed by Pa.R. App.P. 903(a), which allows thirty days to file an appeal. Appellee's motion to quash will therefore be denied.

of delay such appeal is entered, but because he firmly believes injustice has been done."

\* \* \* \* \* \*

IV. Such appeal shall be entered, and the costs paid, and recognizance filed, within twenty days after the day of the entry of the award of the arbitrators on the docket.[2]

Both the Supreme Court and this court have held that the statutory requirements for perfecting an appeal under the Act of 1836 are jurisdictional. *James F. Oakley, Inc. v. School Dist. of Philadelphia*, 464 Pa. 330, 346 A.2d 765 (1975); *Polascik v. Baldwin*, 245 Pa.Super. 1, 369 A.2d 263 (1976); *MacKanick v. Rubin*, 244 Pa.Super. 467, 368 A.2d 815 (1976). In *Oakley* the Court stated: "No acceptable reasoning has been presented to persuade this Court to ignore the statutory requirements concerning the perfecting of an appeal de novo from an award of arbitrators under the Act of 1836." 464 Pa. at 334, 346 A.2d at 767. However, the Court stated, where "fraud or some breakdown in the court's operation causes the failure to comply with statutory requirements, the appeal should not be quashed." 464 Pa. at 335, 346 A.2d at 767. *Commonwealth v. Horner*, 449 Pa. 322, 296 A.2d 760 (1972); *In Re Purdy's Estate*, 447 Pa. 303, 279 A.2d 39 (1971); *In Re Estate of Dixon*, 443 Pa. 303, 279 A.2d 39 (1971); *Nixon v. Nixon*, 329 Pa. 256, 198 A. 154 (1938).

 Here, appellee did file an affidavit of non–delay, but after the statutory period expired. Though the statute does not explicitly say that the affidavit must be filed within the period, it has been interpreted so to require.

2. We are aware that both the affidavit of non–delay requirement and the payment requirement were repealed effective June 27, 1978. Act of April 28, P.L. 202, No. 53, § 2(a) [149] (Purdon's Supp.1964–1978). However, since here the appeal was initially filed in December 1977, its validity must be determined according to the law then in effect.

 While substantive rights are settled as to the time the cause arises, rights in procedural matters, such as jurisdiction and service of process, are determined by the law in force at the time of the institution of the action.

 *Kilian v. Allegheny County Distributors*, 409 Pa. 344, 350, 351, 185 A.2d 517, 520 (1962).

*Butler E. and F. Company v. Butler Borough,* 238 Pa. 180, 85 A. 1112 (1913); *Proper v. Luce,* 3 P and W 65 (1831). Thus, one of the jurisdictional requirements for perfecting the appeal was not satisfied. As regards the incorrect docket number on the appeal, it may be assumed *arguendo* that that was attributable to "some breakdown in the court's operation," in that the arbitrators were agents of the court and it was their error that led the secretary to put on the incorrect docket number. However, there is no evidence suggesting that appellee delayed filing the affidavit because of any breakdown in the court's operation. The lower court should therefore not have allowed the appeal to be filed *nunc pro tunc;* having allowed the appeal in error, the court should have granted appellant's motion to quash it.

■ Appellee argues that the affidavit of non–delay should be held to be a "de minimis" requirement, rather than a jurisdictional one. No cases support this proposition; indeed, two cases specifically hold that failure to provide an affidavit will result in dismissal of the appeal. *See Monaghan v. The City of Philadelphia,* 28 Pa. 207 (1857); *McConnel v. Morton,* 11 Pa. 398 (1849).

Appellee argues that we should regard the requirement to file the affidavit in the same light as we have regarded the requirement that the appellant must pay the appellee's costs, which in *Meta v. Yellow Cab Co. of Philadelphia,* 222 Pa.Super. 469, 294 A.2d 898 (1973), was held to be a directory rather than mandatory requirement. Aside from the fact that *Meta* has been overruled, *Black and Brown, Inc. v. Home for the Accepted, Inc.,* 233 Pa.Super. 518, 335 A.2d 722 (1975), it is distinguishable in that it did not consider the nature of the affidavit requirement. As regards the affidavit requirement in *Dickerson v. Hudson,* 223 Pa.Super. 415, 423, 302 A.2d 444, 448 (1973), we stated:

> The requirement that an appellant or his attorney shall make an oath or affirmation that the appeal is not for the purpose of delay and because he firmly believes injustice

has been done does not seem to be, however, a *de minimis* matter.

■ Finally, we are not persuaded by the lower court's conclusion that the appeal should not be quashed because appellee made an "honest" effort to comply with the appeal requirements. It is true that in *Black & Brown, Inc. v. Home for the Accepted, Inc., supra*, 233 Pa.Super. at 522, 335 A.2d at 724, we stated that "our courts should examine the appellant's attempts at compliance in order to determine whether an honest effort has been made to meet the requirements of the statute." This statement, however was made as a "caveat," 233 Pa.Super. at 522, 335 A.2d at 724, to our conclusion that the requirement to pay costs was not directory but mandatory; the caveat was that where there had been "a valid attempt" to pay the costs, *id.*, "coupled with substantial though incomplete" payment, *id.*, to quash the appeal would be too harsh. *Cf. Beth–Allen Sales Co. v. Hartford Insurance Group*, 217 Pa.Super. 42, 268 A.2d 203 (1970) (appeal should not be quashed for technical noncompliance with recognizance requirement). We went on to hold that since on the record before us there had been "no attempt at substantial compliance," 233 Pa.Super. at 523, 335 A.2d at 724, the lower court had been correct in quashing the appeal. Thus, rather than supporting the lower court's conclusion, *Black & Brown* shows its error. For here too there was no evidence of any attempt to comply with the statutory requirement at issue during the statutory appeal period. In other words: Assuming, without deciding, that we would adopt with respect to the affidavit requirement the same caveat that we adopted in *Black & Brown* with respect to the payment of costs requirement, that caveat would be of no avail to appellee, and *Black & Brown* holds that in such a situation, the appeal should be quashed.

Appellee's motion to quash the appeal is denied. The order of the lower court is reversed. Appellee's appeal *nunc pro tunc* from the arbitrators' award of December 15, 1977, is quashed.