428 A.2d 150

**Frank A. ACRI**

v.

**Paul E. WINTERMEYER and Helen Wintermeyer, his wife, and Donald Wintermeyer, Appellants.**

Superior Court of Pennsylvania.

Submitted March 6, 1980.

Filed April 3, 1981.

---

1. Because of our disposition of this issue we need not reach appellant's other allegations of error.

Arthur K. Dils, Harrisburg, for appellants.

Joseph K. Pierce, Harrisburg, for appellee.

Before CERCONE, President Judge, and WATKINS and MONTGOMERY, JJ.

CERCONE, President Judge:

Appellants, Paul E. Wintermeyer and his wife, Helen Wintermeyer, and their son, Donald Wintermeyer, take this appeal from the order of the court, granting appellee's, Frank A. Acri, motion to quash appellants' appeal from the decision of the Board of Arbitrators. We find that appellants' appeal was timely filed, therefore, we reverse the order of the lower court which quashed this appeal.

Paul Wintermeyer and his wife, Helen Wintermeyer, own a farm in northern York County, Pennsylvania. Appellee Frank Acri was a former tenant of the Wintermeyers. On an unspecified date, appellee drove onto the farm of appellants and for an unspecified reason a fight occurred between Donald Wintermeyer and Acri. As a result of the fight, appellee filed a civil suit for damages in the Court of Common Pleas of York County, which court referred the matter to a Board of Arbitrators. The Board found in favor of appellee and appellants appealed to the court of common pleas.

The award of the Arbitrators was docketed on July 13, 1979. At that time, the local rules of court, York County Rule 28(a) said:

"*Right to Appeal.* Any party may appeal from the award of a Board of Arbitrators to the Court of Common Pleas. The right to appeal shall be subject to the following conditions, all of which shall be complied with within twenty (20) days after notice of the filing of their report to the Prothonotary.

(1) Notice of Appeal. The Appellant shall file with the Prothonotary a notice of appeal . . . .

\* \* \* \* \* \*

(4) Notice of Opposing Parties. The Appellant shall give to all opposing parties or their counsel written

notice of the filing of the appeal, and shall file with the Prothonotary evidence showing such notice."[1]

However, although local courts have the power to issue rules governing the business of the local courts, the power to make such rules is not unbounded and such local rules are invalid to the extent that said rules conflict or are inconsistent with generally prescribed rules. *Gonzales v. Procaccio Bros. Trucking Co.*, 268 Pa.Super. 245, 407 A.2d 1338 (1979); 42 Pa.C.S.A. § 323 (Supp.1980). In the instant case, York County Rule 28(a) conflicts with the provisions of 42 Pa.C.S.A. § 5571(b) (Supp.1979) which states that an appeal from the entry of a final order shall be commenced within 30 days after the entry of said order.[2] Accordingly, local Rule 28(a) is invalid to the extent that it requires appeals from awards of the Board of Arbitrators to be taken within 20 days; rather, to be consistent with 42 Pa.C.S.A. § 5571(b), the appeal period under the local rule must be 30 days.

When York County Rule 28(a) is interpreted in this fashion, as it must, then it is clear that appellants' notice of appeal was timely. In an appeal from an award of arbitrators, the period for filing an appeal begins to run from the date of entry of the award of arbitrators upon the docket. *Gould v. Lampley*, 225 Pa.Super. 107, 310 A.2d 420 (1973). As previously noted, the award in the instant case was docketed on June 13, 1979. Thirty days from the date of docketing fell on July 13, 1979. Appellants filed this notice of appeal with the prothonotary on July 5, 1979, therefore

1. The local courts have the power to make such rules governing the business of the courts under 42 Pa.C.S. § 323 (Supp.1980) which, in relevant part provides:
   "[E]xcept as otherwise prescribed by general rules, every court shall have power to make such rules and orders of court as the interest of justice or the business of the court may require."

2. In relevant part, section 5571(b) reads:
   "[A]n appeal from a tribunal or other government unit to a court or from a court to an appellate court shall be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order."

appellants' appeal was timely filed and was improperly quashed.

Accordingly, the decision of the lower court quashing appellants' appeal is reversed.

Reversed.