430 A.2d 1201

**James B. GALLARDY**

v.

**Lloyd Clair ASHCRAFT and Nancy Ann Ashcraft, his wife, Appellants.**

Superior Court of Pennsylvania.

June 12, 1981.

Argued April 12, 1980.

Filed June 12, 1981.

Petition for Allowance of Appeal Granted Sept. 17, 1981.

38

Robert B. Mitinger, Jr., Bellefonte, submitted a brief on behalf of appellants.

Francis J. Leahey, Jr., Ebensburg, for appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

LIPEZ, Judge:

On October 2, 1973, plaintiff filed this assumpsit action, which went to compulsory arbitration. The board of arbitration filed an award in favor of defendants. The award was entered on the lower court's docket on December 9, 1975. On January 12, 1976, the time limit for filing an appeal from the award having expired,[1] plaintiff filed in the

---

1. At that time, the limit was 20 days. *See Turner v. May Corporation*, 285 Pa.Super. 241, 244, n. 1, 427 A.2d 203, 204, n.1 (1981) (citing applicable statutes). Effective June 27, 1978, the limit became 30 days. *Id.*, 285 Pa.Super. at 245, 427 A.2d at 205–09. The time for an appeal from an arbitration award begins when it is entered on the docket. *Acri v. Wintermeyer*, 285 Pa.Super. 486, 486, 428 A.2d 150, 152 (1981). Entry of the award on the docket occurred here on December 9, 1975. Since plaintiff's petition for allowance of appeal, filed on January 12, 1976, would be beyond either a 20 or 30 day

common pleas court below a petition for allowance of appeal nunc pro tunc. On February 5, 1976 the court below held an evidentiary hearing on the petition. In an order dated October 11, 1978 and filed May 21, 1979,[2] the court granted the petition. Defendants took this appeal[3] from that order on June 18, 1979.[4]

appeal time, we need not consider any possible retroactive effect of the 30-day time in Rule of Civil Procedure 247.1 (effective February 2, 1980, 10 Pa.Bull. 458 (1980), superseded effective May 15, 1981 by new Rule of Civil Procedure 1308, 11 Pa.Bull. 1078, 1079 (1981). *Cf. Turner v. May Corporation, supra,* 285 Pa.Super. at 249 n. 5, 427 A.2d at 207 n. 5.

2. The docket entry indicates that the October 11, 1978 order was "Re-filed" on May 21, 1979, but there is no previous docket entry indicating the order had ever been filed before that date. The last docket entry before May 21, 1979 is on March 9, 1976, when the testimony from the February 5, 1976 hearing was filed. The May 21, 1979 entry is the first and only one containing the notation that the notice of entry of the order had been given, as required by Rule of Civil Procedure 236(b). Thus the appeal time for this appeal began to run on May 21, 1979. Pa.R.A.P. 108(b).

3. While the order appealed from is interlocutory, it is appealable because it raises a question concerning jurisdiction of the cause of action under the Act of March 5, 1925, P.L. 23, § 1, 12 P.S. § 672, before repeal of that statute on June 27, 1980. *Turner v. May Corporation, supra,* note 1 285 Pa.Super. at 246 & n. 3, 427 A.2d at 205 & n. 3. By reason of its holding that the part of the Act of 1925 dealing with jurisdiction of the cause of action was applicable on January 28, 1980, *Turner* necessarily rejected the argument, which has been raised a number of times in this court in the past two years in motions to quash, that the entire Act of 1925 was supplanted by new Rule of Appellate Procedure 311, effective April 22, 1979. 8 Pa.Bull. 3636, 3637 (1978). Instead, *Turner* concluded that subparagraph (a)(7) operated to leave the Act intact with respect to questions concerning jurisdiction of the cause of action, at least until the Act's June 27, 1980 repeal date. Thus we apply the Act of 1925 to this appeal, filed on June 18, 1979.

There was perhaps a technical error in *Turner v. May Corporation, supra,* in relying on January 27, 1980 as the date that appeal was "docketed," if that was meant to refer to docketing in this court. An appeal is taken when the notice of appeal is filed in the lower court. Pa.R.A.P. 903(a); *see State Farm Mut. Auto. Ins. Co. v. Schultz,* 281 Pa.Super. 212, 421 A.2d 1224 (1980); *but cf.* Recommendation No. 11 by the Advisory Committee on Appellate Court Rules, proposed revision to Pa.R.A.P. 905(a), 10 Pa.Bull. 2865 (1980). However, regardless of what was meant in *Turner* by the statement that "the present appeal was docketed on January 28, 1980," the holding is clear that an interlocutory appeal of a "question of jurisdiction . . . of

4. See note 4 on page 40.

■ In its opinion filed on November 14, 1979, the court below discussed the evidence as follows:

The docket entries in this case and the testimony introduced at the hearing on the Petition reveals the following: Plaintiff was represented at the hearing before the Arbitration Board by Attorney Patrick Washington. The Prothonotary of Cambria County, instead of mailing the Notice of the Award of the Board to Mr. Washington, mailed it to Plaintiff's son, who in turn gave the Notice to Plaintiff on December 14, 1975 (the Award was entered December 9, 1975). The Plaintiff, who was 84 years old and ill at the time the Notice of the Award reached him, attempted, through his daughter, Cleo Shope, to contact Mr. Washington for the purpose of filing an Appeal from the Award. Mrs. Shope spoke with Mr. Washington's father (who resides in Cambria County) and was provided with an address in Harrisburg, Pennsylvania, for Mr. Washington. Mrs. Shope then wrote a letter to Mr. Washington and mailed it to the Harrisburg address on approximately December 16, 1975. The letter was returned to Mrs. Shope by the postal service. A second

the cause of action" could be taken under the Act of 1925 even after April 22, 1979, provided it was taken before June 27, 1980, as this appeal was.

We also note that section 3(b) of the Judiciary Act Repealer Act, 42 P.S. § 20003(b), does not save the portion of the Act of 1925 dealing with jurisdiction of the cause of action beyond the date of June 27, 1980, because of Pennsylvania Rule of Appellate Procedure 5101(f)(2). 10 Pa.Bull. 1038, 1039 (1980). Paragraph 3 of the order adopting Rule 5101(f)(2) provides that it "shall govern ... insofar as just and practicable, in matters then pending." However, this is plainly not intended to overturn the settled rule that jurisdiction is determined as of the time institution of the appeal, see, e. g., *Turner v. May Corporation, supra,* but merely means that changes brought about by the order may be applied to pending appeals if the change governs a stage of the appeal not yet completed, provided this is neither impractical nor unjust.

4. This appeal was timely filed, because effective June 27, 1978, the 20-day period for filing appeal from interlocutory orders was replaced by a 30-day period. *See Drozdowski v. Keystone Truck Leasing Company,* 277 Pa.Super. 55, 57 n. 1, 419 A.2d 657 n. 1 (1980). This appeal was filed on the 28th day after the appeal time began to run on May 21, 1979. *See* note 2, *supra.*

letter was sent by registered mail by the Plaintiff or the Plaintiff's son to Mr. Washington's office address in Harrisburg. That letter was not returned by the postal service. Mr. Washington did not contact Mrs. Shope until January 16, 1976, when he telephoned her. In the meantime, Plaintiff, having recovered from his illness, contacted his present counsel on January 5, 1976 (five days after the expiration of the statutory appeal period) and retained him for the purpose of filing this Appeal Nunc Pro Tunc.

The court below found, based on the foregoing facts, that plaintiff's failure to file a timely appeal from the arbitration award was a non-negligent failure, which was corrected in a very short time, during which minimal prejudice, if any, resulted to the defendants. Therefore the court concluded that an appeal nunc pro tunc should be allowed under the standards of *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979).

The pertinent facts in *Bass* were stated in the lead opinion by Justice Manderino:

Appellant decided to file an appeal in this Court from the order of Commonwealth Court. Appellant's counsel prepared the necessary appeal papers which were typed up by his secretary and were ready for filing on Friday, July 7, six days prior to the expiration of the time allowed for filing the appeal. The papers were placed in a folder on the corner of the secretary's desk, along with other papers to be taken to the courthouse for filing. During the late afternoon of that Friday, the secretary became sick and left work. She was out sick during the entire following week, returning to work on Monday, July 17. Although the normal office procedure was to have a secretary check the desk of a secretary who was ill, in this case the secretary who was ill was the one who routinely did this checking. The ill secretary, in her deposition concerning this matter, stated that she was too sick to think about calling the office. During her illness, she was treated by a physician.

When the secretary returned to the office, she became aware that the appeal had not been filed and immediately took steps to correct the situation. A petition for permission to file an appeal nunc pro tunc was filed in this Court on Monday, July 17, four days after the normal appeal period had expired. Appellee concedes that the delay in filing the appeal was caused by the secretary's illness. Under the circumstances recited, we conclude that appellant's petition for permission to file an appeal nunc pro tunc should be granted.

*Bass v. Commonwealth, supra*, 485 Pa. at 258–59, 401 A.2d at 1134–35.

Although the law was totally settled that extensions of appeal time could be granted only in cases of fraud or breakdown in the operation of the court, *e. g., West Penn Power Company v. Goddard*, 460 Pa. 551, 556, 333 A.2d 909, 912 (1979), the three-member majority (of the five participating justices) established a new category of "non-negligent" failure to file an appeal, and used this as a basis for extending the appeal time. Justice Manderino's lead opinion, joined by Justice Larsen, held that the above-quoted facts fell within the scope of this new exception for "non-negligence," because the situation was akin to a case in which an attorney driving to the prothonotary's office has an unexpected heart attack, resulting in loss of control of his vehicle, injury to a bystander, and failure to file an appeal. 485 Pa. at 260, 401 A.2d at 1135. Justice Nix's concurring opinion was "substantially in accord" with this reasoning in reaching the conclusion that the failure to file an appeal in *Bass* was "non-negligent."

While the majority's opinions are not too clear concerning the meaning and scope of the concept of "non-negligence,"[5] we need not determine how to apply this "vague, standardless, and undefined exception"[6] to the facts of this case. Assuming arguendo that the 3–2 decision in *Bass* creates

[5]. *See generally* Note, 53 Temp.L.Q. 640, 648–51 (1980).

[6]. *Bass v. Commonwealth*, 485 Pa. 256, 267, 401 A.2d 1133, 1139 (1979) (Roberts, J., dissenting from denial of reargument).

binding precedent,[7] we nevertheless hold that the new exception for "non-negligence"[8] cannot be applied retroactive-

7. Justice, now Chief Justice, O'Brien stated in *Commonwealth v. Mason*, 456 Pa. 602, 604, 322 A.2d 357, 358 (1974): "Whatever the effects of an opinion supported by less than a majority of those justices participating may be, there can be no doubt that when a majority of those justices participating in the opinion, it becomes binding precedent on the courts of Pennsylvania." If we were to determine the question of the precedential effect of the *Bass* decision, *Mason* would be binding on us, but in construing and applying its very brief discussion, we would have to keep in mind that generally even a precedential decision is only controlling to the extent that its pronouncement is necessary to the resolution of the case. *See Mackey v. Adamski*, 286 Pa.Super. 456, 465 n. 13, 429 A.2d 28, 32 n. 13 (1981). *Mason* concerned the precedential effect of *Commonwealth v. Armao*, 446 Pa. 325, 286 A.2d 626 (1972), which, like *Bass*, was a 3–2 decision, but unlike *Bass*, did not represent a change in law which had long been settled by earlier unanimous opinions. In a series of recent cases, this court has refused to follow cases which normally would create binding precedent, on the ground that those cases were inconsistent with earlier precedent at an even higher level. *Mackey v. Adamski, supra*, 286 Pa.Super. at 463, 429 A.2d at 32, Superior Court panel opinion declining to follow Superior Court en banc opinion, in favor of earlier Supreme Court opinions to the contrary); *Evans v. Blimpie Base, Inc.*, 284 Pa.Super. 256, 260 & n. 2, 425 A.2d 801, 802–03 & n. 2 (1981) (same); *Commonwealth v. Manley*, 282 Pa.Super. 376, 383, n. 5, 422 A.2d 1340, 1343, n. 5 (1980) (panel opinion refusing to follow previous panel opinion, which was inconsistent with even earlier en banc opinion). The question of whether *Bass* is binding thus presents an extraordinary dilemma, which our disposition avoids in this case. We point out, however, that this is only one of a number of difficulties with the *Bass* case, which our Supreme Court would do well to clarify. *See* note 8, *infra*.

8. In *State Farm Mut. Auto. Ins. Co. v. Schultz, supra*, note 3, 281 Pa.Super. at 218 n. 7, 421 A.2d 1224, 1227 n. 7 (1980), the *Bass* case was distinguished on the ground that there was no indication on the record that the failure to file a timely appeal resulted from non-negligent happenstance. Here, too, there is no indication of non-negligent happenstance, but that might not suffice to distinguish this case, as it did *Schultz*, which involved the timeliness of an appeal to this court. Here the question is timeliness of the appeal to the court below, which applied the *Bass* "non-negligence" standard to facts arguably involving negligence. It is difficult to fault the court below for doing this, since the *Bass* majority applied its "non-negligence" standard to a set of facts which plainly seemed to involve negligence under any traditional meaning of the term. The confusion is compounded by the lack of any standard procedure in making a "non-negligence" determination, as well as the lack of a standard of review where, as here, we review the lower court's finding of "non-negligence," rather than make our own determination as to the timeliness of an appeal to

ly to allow an appeal when the appeal time had run out before the date of the *Bass* decision.

Timeliness of an appeal, whether it is to an appellate court or a de novo appeal in common pleas court, is a jurisdictional question. *Turner v. May Corporation*, 285 Pa.Super. 241, 245, 427 A.2d 203, 205 (1981). Rights in jurisdictional matters are determined by the law in force at the time of the institution of the action. *Kilian v. Allegheny County Distributors*, 409 Pa. 344, 350–51, 185 A.2d 517, 520 (1962); *Turner v. May Corporation, supra*, 285 Pa.Super. at 246 n. 3, 427 A.2d at 205 n. 3. This rule has specifically been held applicable in determining whether the jurisdictional requirements for an appeal from an arbitration award have been met. *Drozdowski v. Keystone Truck Leasing*, 277 Pa.Super. 55, 58 n. 2, 419 A.2d 657, 659 n. 2 (1980).

When the time for appeal from the arbitration award expired in this case, an extension could only be granted for fraud or breakdown in the operation of the court. Plaintiff has never even contended that his failure to file a timely appeal resulted from fraud or breakdown in the court's operation, and he presented no evidence of either at the hearing in the court below.[9] Accordingly, there was no basis

> our court. We have managed to avoid these thorny problems in this case through our holding on nonretroactivity, a point we may raise ourselves, although not argued by appellant, because it involves the jurisdiction of the court below. *See generally Commonwealth v. Boerner*, 281 Pa.Super. 505, 515 n. 11, 422 A.2d 583, 588–89 n. 11 (1980). Unless the Supreme Court soon clarifies the effect of *Bass*, however, it will not be long before it is causing just the kind of chaos predicted by Justice Roberts in his dissenting opinion and opinion dissenting from the denial of reargument.

**9.** The lower court's opinion states that when the arbitrators' award was entered on December 9, 1975, the prothonotary mailed notice of the award to plaintiff's son, who gave the notice to plaintiff on December 14, 1975. The testimony from the hearing is rather vague on the point, but as best we can determine, it seems plaintiff and his son have identical names and rural delivery addresses, so that the prothonotary did not really send the notice to the son, but it was mistakenly delivered to him. Even assuming, however, that the prothonotary sent the notice to the son, and assuming that this constituted a breakdown in the court's processes, there would be no basis for extending the appeal time. There is no indication that the

for an extension of the appeal time, and the order allowing an appeal nunc pro tunc from the arbitrator's award must be vacated.

Order vacated.

WICKERSHAM, J., files a dissenting statement.

WICKERSHAM, Judge, dissenting:

I dissent.

I believe that *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979) creates a new category of "non-negligent" failure to file an appeal. The lower court applied *Bass* in rendering its decision, and the court's use of *Bass* was not a retroactive application of that case.

son's receipt of the notice caused the late filing of the appeal, since the son gave plaintiff the notice with most of the appeal time still remaining. *See Drozdowski v. Keystone Truck Leasing Company, supra,* note 4, 277 Pa.Super. at 58–59, 419 A.2d at 659.