439 A.2d 140

**David SALATINO**

v.

**PENNSYLVANIA NURSES ASSOCIATION, Appellant.**

Superior Court of Pennsylvania.

Argued June 12, 1980.

Filed Dec. 18, 1981.

Michael I. Levin, Harrisburg, for appellant.

John Solt, Allentown, submitted a brief on behalf of appellee.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

CAVANAUGH, Judge:

The question presented in this appeal is whether the common pleas court has subject matter jurisdiction over a case involving an alleged breach of a union's duty of fair representation of its member or whether such jurisdiction is preempted by The National Labor Relations Act (NLRA) as amended, 29 U.S.C.A. § 141 *et seq.* We hold that the common pleas courts of Pennsylvania do have jurisdiction and therefore we affirm the lower court order dismissing appellant's preliminary objection.

Appellee, David Salatino, was employed by Easton Hospital in Easton, Pennsylvania as a full-time registered nurse until he was discharged in December, 1977 for allegedly endangering the life of a patient by unsafe nursing practice. Appellee was at that time a member of The Pennsylvania Nurses Association, which was the recognized exclusive collective bargaining representative of nurses employed by Easton Hospital. Pursuant to the collective bargaining agreement between appellant association and Easton Hospital, appellee sought appellant's aid in instituting a grievance proceeding against the hospital for wrongfully terminating his employment. Appellee alleges that appellant assured him it would pursue the grievance on his behalf, but that after the prescribed time period for filing the grievance had expired, it notified him that it had decided not to proceed with his claim.

Appellee subsequently filed, in the Court of Common Pleas of Northampton County, a complaint in trespass alleging that appellant breached its duty of fair representation by acting arbitrarily and in bad faith in failing to pursue his grievance. Appellant filed preliminary objections alleging,

*inter alia,* that jurisdiction over the cause of action was vested exclusively in the federal courts or The National Labor Relations Board (NLRB). It is from the lower court's dismissal of appellant's preliminary objection in the nature of a petition raising a question of jurisdiction that this appeal is taken.[1]

The leading case in the area of federal preemption under the NLRA is *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). In that case the Supreme Court held that the NLRB had exclusive jurisdiction over suits concerning any activity which was "arguably subject" to § 7 or § 8 of the NLRA. *Id.* at 245, 79 S.Ct. at 780, 3 L.Ed.2d at 783.

The basic *Garmon* preemption doctrine giving the NLRB exclusive jurisdiction over suits alleging an unfair labor practice is still valid but several exceptions to the doctrine have since been established. One of these exceptions was created in the landmark case of *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), where the Supreme Court held that state and federal courts had concurrent jurisdiction over suits involving a breach of the duty of fair representation, even though such a breach might constitute an unfair labor practice. As the court stated:

A primary justification for the pre-emption doctrine— the need to avoid conflicting rules of substantive law in the labor relations area and the desirability of leaving the development of such rules to the administrative agency created by Congress for that purpose—is not applicable to

1. This court has jurisdiction over the instant interlocutory appeal pursuant to the Act of March 5, 1925, P.L. 23, § 1, 12 P.S. § 672, which permitted an appeal from all orders involving questions of jurisdiction as if they were final judgments. *See McCrory Corp. v. Girard Rubber Corp.,* 225 Pa.Super. 45, 307 A.2d 435 (1973), *aff'd* 459 Pa. 57, 327 A.2d 8 (1974). Effective June 27, 1980, 12 P.S. § 672 was repealed. Act of April 28, 1978, P.L. 202, No. 53, § 2(a) [1069]; 42 P.S. § 20002(a) [1069]. However, jurisdiction of this court over the instant appeal is not affected because the notice of appeal was filed on January 23, 1980, before the effective date of the appeal of § 672. *See Gallardy v. Ashcraft,* 288 Pa.Super. 37, 39 n.3, 430 A.2d 1201, 1202 n.3 (1981).

cases involving alleged breaches of the union's duty of fair representation.

*Id.* at 180–81, 87 S.Ct. at 911–12, 17 L.Ed.2d at 852. The court concluded that "the unique role played by the duty of fair representation doctrine in the scheme of federal labor laws . . . render[s] the Garmon pre-emption doctrine inapplicable." *Id.* at 188, 87 S.Ct. at 915, 17 L.Ed.2d at 857.

Pennsylvania appellate courts have not exercised jurisdiction in a case alleging a breach of the duty of fair representation since the *Vaca* decision but our reading of the cases indicates that they would do so given appropriate circumstances.

In its first opportunity to address the preemption issue after *Vaca* our Supreme Court, while recognizing the exception established in *Vaca*, concluded that the *Garmon* preemption doctrine still applied in the circumstances presented. *Lay v. International Brotherhood of Electrical Workers, Local No. 174*, 427 Pa. 387, 235 A.2d 402 (1967). *Lay* involved picketing by a union of a non-union construction site. The supreme court, in reversing the lower court's decree enjoining the picketing, concluded that the issue of the legality of the picketing was arguably within the jurisdiction of the NLRB and that the federal preemption doctrine therefore applied. The court stated:

> Appellees rely on a case decided this past term by the Supreme Court, *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), as indicating that, with a multitude of decisions for state courts to follow, federal preemption is no longer a requisite, and should yield more often to state jurisdiction. We cannot degree that such was the import of that case. We read it as saying merely that in the special realm of violations of the duty of fair representation, . . .

> the state court may retain jurisdiction. The instant case presents none of the special circumstances of *Vaca v. Sipes*,

*Id.*, 427 Pa. at 394, 235 A.2d at 405–06. Thus the court clearly acknowledged the *Vaca* exception, but also recog-

nized that the exception was limited to cases involving a breach of the duty of fair representation.

This court recently recognized the *Vaca* exception to the preemption doctrine in *Schena v. Smiley*, 265 Pa.Super. 249, 401 A.2d 1194 (1979), *aff'd* 488 Pa. 632, 413 A.2d 662 (1980). The appellees in *Schena* had filed an action in trespass against a union alleging wilful or negligent conduct in failing to include appellees as plaintiffs in a previous action in which the NLRB had ordered the plaintiff employees reinstated and awarded back pay. In addressing the issue of the lower court's jurisdiction, we stated:

> the rule of *Garmon* has been held not to apply where the action is brought for a violation of a collective bargaining agreement under sections 301 and 303 of the Labor Management Relations Act of 1947, *see Smith v. Evening News Assoc.*, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962), *or where the action is against a union for breach of its statutory duty of fair representation, see Motor Coach Employees v. Lockridge*, 403 U.S. 274 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971); *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). These exceptions, however, do not help appellees, for the present action does not fit within any of them.

*Id.*, 265 Pa.Super. at 255, 401 A.2d at 1197 (emphasis added). The court reasoned that the appellees' action was not within the *Vaca* exception because that exception only applies to breaches of a union's duty of fair representation and appellees were not members of the union. Appellees had made no argument that the *Vaca* exception applied to them and had apparently admitted that the union had no statutory duty to process their claim before the NLRB. *Id.*, 265 Pa.Super. at 256 n.11, 401 A.2d at 1197 n. 11.

The instant appeal, on the other hand, falls squarely within the preemption exception established in *Vaca v. Sipes* and given recognition by this court and by the Pennsylvania Supreme Court in *Lay* and *Schena*. Appellee was a member of appellant association and appellant did have a statutory duty to fairly represent appellee. Appellee alleged in his

complaint that appellant breached this duty by acting arbitrarily and in bad faith in failing to pursue appellee's grievance. Thus the lower court was correct in concluding that it had subject matter jurisdiction in the instant action.

Order dismissing preliminary objection affirmed.