**Giehill v. Matelan**

*Henry E. Rea, Jr.,* for plaintiff.
*D. Michael Fisher,* for defendants.

WETTICK, *A.J.,* November 15, 1983—On April 13, 1983, defendants filed an appeal from a March 11, 1983 arbitration award. Plaintiff filed a motion to quash the appeal because it was not taken within the 30 day period for appeal prescribed by Pa.R.C.P. 1308(a). Defendant filed an answer to the motion which alleges facts purporting to show that the appeal was filed out of time because of a breakdown in the office procedures of defendant's counsel.

Prior to 1979, the law was clear that defendants' excuse would not serve as a basis for extending the appeal period because an appeal nunc pro tunc was permitted only upon a showing of fraud or a breakdown in the court machinery. West Penn Power Company v. Goddard, 460 Pa. 551, 556, 333 A.2d 909, 912 (1975). However, in 1979 in Bass v. Commonwealth, 485 Pa. 256, 401 A.2d 1133 (1979), the Pennsylvania Supreme Court recognized the non-negligent failure to file a timely appeal as an additional basis for allowing an appeal nunc pro tunc.

See, generally, Gallardy v. Ashcraft, 288 Pa. Super. 37, 430 A.2d 1201 (1981), Department of Transportation v. Rick, 75 Pa. Commw. 514, 462 A.2d 902 (1983). Obviously, defendants seek to come within this excuse created in Bass of non-negligent failure to file timely appeal.

Because the case law has not yet determined what constitutes a non-negligent failure to file a timely appeal and because defendants offer only a sketchy description of their explanation for the late appeal, it is unclear whether defendants' failure to appeal timely was non-negligent, The burden is on defendants to plead and establish facts that would excuse their failure to file a timely appeal. Appeal of Farrell, 69 Commw. 32, 450 A.2d 266 (1982); Standard Pennsylvania Practice 2d §15:43. This burden has not been met through defendants' answer to plaintiff's motion to quash defendants' appeal. When a party filing a late appeal relies on facts outside the record to excuse the late filing, the procedure that should be followed is the filing of a petition for a rule to show cause why this party should not be permitted to file an appeal nunc pro tunc. If this party meets its burden of pleading facts that establish a basis for permitting an appeal nunc pro tunc, the rule should issue. And if through the procedures of Pa.R.C.P. 209, this party establishes these facts, the appeal nunc pro tunc should be permitted.*

---

* This procedure is preferable to deciding the factual issues through a motion to quash the appeal and an answer thereto because the petition and answer practice places the burden of pleading and establishing the necessary facts on the party seeking to appeal nunc pro tunc and also provides an established procedure for resolving factual disputes which minimizes the use of judicial resources.

## ORDER OF COURT

On this November 15, 1983, it is hereby ordered that plaintiff's motion to quash defendants' appeal from the award of the board of arbitrators is granted without prejudice to defendants to present within 20 days a petition for a rule to show cause why they should not be permitted to file an appeal from this award nunc pro tunc.