421 A.2d 812

## SAGER & SAGER ASSOCIATES

v.

## Myron BOCK a/k/a Michael Bock and Marguerite Bock, his wife, Appellants.

Superior Court of Pennsylvania.

Argued Sept. 11, 1979.

Filed Sept. 5, 1980.

460

B. Ryland Wiggs, Bethlehem, for appellants.

William David Murphy, Pottstown, for appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

CERCONE, President Judge:

Defendant–appellants take this appeal from the lower court's order quashing appellants' appeal to that court from the decision of a Board of Arbitrators. Appellants argue that the lower court erred in finding that appellants failed to perfect their appeal. We agree with appellants and for the reasons set forth below, we reverse.

The instant action was initiated by appellees to recover allegedly unpaid attorney's fees. The Board of Arbitrators ruled in appellees favor and appellants filed a timely notice of appeal from the Board's award in the Court of Common Pleas on July 3, 1978. At the time when appellants filed their notice of appeal, statutory law provided, in relevant part:

"Either party may appeal from an award of arbitrators, to the court in which the cause was pending at the time the rule or agreement of reference was entered, under the following rules, regulations and restrictions, viz.:

II. Such party, his agent or attorney, shall pay all the costs that may have accrued in such suit or action." *

To satisfy the above statutory requirements, appellants, by their attorney, inquired at the prothonotary's office to ascertain what appellee's costs were. The prothonotary's office told appellants the docket showed that appellee's costs totaled $200.00, which appellants paid to the prothonotary, in addition to which appellants posted a cash bond of $100.00 with the prothonotary to assure the payment of all costs of the appeal. Shortly after appellants made these payments and filed a certification stating that all costs were paid, appellee filed its petition to quash the appeal, asserting that appellants had not paid all of appellee's costs. Specifically, appellee asserted that its cost for filing the complaint and its sheriff's costs, totaling $40.65, were not paid. The lower court found appellee's assertion to be factually correct and the court thereupon ordered the appeal quashed.

 A valid attempt to make timely and full payment, coupled with substantial though incomplete compliance with the requirement that record costs be paid during the appeal period suffices to perfect an appeal from arbitration. *Black and Brown, Inc. v. Home for the Accepted, Inc.*, 233 Pa.Super. 518, 522, 335 A.2d 722, 724 (1975). In the instant case, defendant–appellants inquired at the prothonotary's office to ascertain what plaintiff's costs were, and paid all costs indicated by the prothonotary. The fact that the prothonotary erroneously did not include plaintiff's filing fee and sheriff's fee in the total does not change the fact that defendant made a timely attempt to pay all the costs, though this later proved to be incomplete compliance.

 Furthermore, the lower court says that the relevant statute, 5 P.S. § 71 (1963) directs that costs are to be paid

* The Act of June 16, 1836, P.L. 715 § 27; the Act of January 14, 1952, P.L. (1951) 2087, 94; the Act of March 15, 1956, P.L. (1955) 1279, § 1, 5 P.S. § 71 (1963).

 This section was repealed effective June 27, 1980 by the Act of April 28, 1978, P.L. 202, No. 53, § 2(a), 42 Pa.C.S. (Supp.1978).

 The newest provisions in this area can be found at 42 Pa.C.S. §§ 7361, 7362 (Supp.1979).

directly to the opposing party, his agent, or attorney, however, the trial court misquotes the statute on this point. The statute says nothing about who is to receive payment, only that a "party, his agent or attorney, shall pay all the costs that may have accrued in said suit or action."

Accordingly, we find this to be a case of substantial though incomplete compliance and we therefore reverse the lower court's order quashing defendant–appellants' appeal.

Reversed.