428 A.2d 663

**William D. DAWS, Jr., and Jo Ann Daws, Appellants,**

v.

**Anthony R. DeLUCA and Mary Jo DeLuca.**

Superior Court of Pennsylvania.

Argued June 10, 1980.

Filed April 20, 1981.

William T. Luskus, Media, for appellants.

Stephen S. Smith, Upper Darby, for appellees.

Before PRICE, WICKERSHAM and LIPEZ, JJ.

PER CURIAM:

Appellants, Jo Ann and William D. Daws, Jr., instituted this action against appellees, Anthony R. and Mary Jo DeLuca, to recover a deposit which they had paid toward the purchase of real estate owned by appellees. The case was tried before a panel of arbitrators and an award was subsequently entered in favor of appellants. Appellees thereafter filed a timely appeal to the court of common pleas. Based upon appellees' alleged failure to perfect their appeal from the arbitrators award, however, appellants moved to quash the appeal. Appellants' motion was denied and this appeal followed.

The pertinent requirements for perfecting an appeal from an arbitration award are as follows:

Either party may appeal from an award of arbitrators, to the court in which the cause was pending at the time the rule or agreement of reference was entered, under the following rules, regulations and restrictions, viz.:

I. The party appellant, his agent, or attorney, shall make oath or affirmation, that "it is not for the purpose of delay such appeal is entered, but because he firmly believes injustice has been done."

II. Such party, his agent or attorney, shall pay all the costs that may have accrued in such suit or action.

III. The party, his agent, or attorney, shall enter into the recognizance hereinafter mentioned.

IV. Such appeal shall be entered, and the costs paid, and recognizance filed, within twenty days after the day of the entry of the award of the arbitrators on the docket.

. . . .

Act of June 16, 1836, P.L. 715, § 27, 5 P.S. § 71. Appellants argue that the trial court erred in refusing to quash the appeal since appellees had neither paid nor *attempted to pay*[1] the accrued costs of arbitration.

■ Neither party has challenged the jurisdiction of this court to resolve the instant controversy. It is axiomatic, however, that neither silence nor agreement of the parties will confer jurisdiction where it otherwise would not exist. *Giannini v. Foy*, 279 Pa.Super. 553, 555, 421 A.2d 338, 339 (1980). Accordingly, we may address the issue of the appealability of the trial court's order *sua sponte*. *MacKanick v. Rubin*, 244 Pa.Super. 467, 473, 368 A.2d 815, 818 (1976).

■ Our jurisdiction extends, *inter alia*, to "all appeals from *final orders* of the courts of common pleas." Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 742 (effective June 27, 1978) (emphasis added). "A final order is one which . . . ends the litigation, or alternatively, disposes of the entire case. *Piltzer v. Independence Federal Savings and Loan Association*, 456 Pa. 402, 404, 319 A.2d 677, 678 (1974)." *Pugar v. Greco*, 483 Pa. 68, 73, 394 A.2d 542, 545 (1978). An order *is not* final, therefore, and thus *is* interlocutory "unless it effectively puts the litigant 'out of court.'" *Giannini v. Foy*, 279 Pa.Super. at 556, 421 A.2d at 339.

■ The trial court's order denying the motion to quash in the instant case neither terminates the litigation nor disposes of the entire case. Appellant is thus not "out of court." This is why "[a]n appeal does not lie from an order refusing to strike off an appeal from arbitrators, as such an order is

---

1. An appeal is perfected and a motion to quash should be denied when "an honest effort" to satisfy the act's requirements is accompanied by "substantial compliance." *Black & Brown, Inc. v. Home for the Accepted, Inc.*, 233 Pa.Super. 518, 522, 335 A.2d 722, 724 (1975). Because of our disposition of this case, however, we need not determine whether appellees' conduct in the case *sub judice* qualified as substantial compliance under the *Black* analysis.

merely interlocutory. *Caples v. Klugman*, 202 Pa.Super. 517, 198 A.2d 342 (1964)." *Polascik v. Baldwin*, 245 Pa.Super. 1, 5, 369 A.2d 263, 265 (1976). Therefore, the appeal is not properly before us.

Accordingly, the appeal from the order of the court of common pleas is quashed as interlocutory.