434 A.2d 198

Dr. Norman KURTZMAN,

v.

Julia B. PASSYN, Esquire, Theodore Passyn, and Mar-Fax, Inc., a Pennsylvania Corporation, Appellants.

Superior Court of Pennsylvania.

Argued Dec. 1, 1980.

Filed Aug. 28, 1981.

Robert G. Bernberg, Philadelphia, for appellants.

Fred Lowenschuss, Philadelphia, for appellee.

Before SPAETH, BROSKY and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellants contend that the lower court erred in quashing their appeal from an arbitration award. We agree and, accordingly, reverse the order of the lower court and remand for reinstatement of the appeal.

Appellee commenced this action in assumpsit against appellants in early 1977. The matter was submitted to compulsory arbitration, and on June 20, 1979, after hearing testimony, the arbitrators found for appellee in the amount of $7,500. The award of the arbitrators was docketed on June 27, 1979. Nineteen days later, on July 16, 1979, appellants filed an appeal from the arbitration award in the Court of Common Pleas of Philadelphia County. On that same day appellants purchased a money order for $241.18, the exact amount specified in a bill of costs which they had received from appellee, and their counsel sent it by certified mail to appellee's counsel at the office address listed on papers which the latter had filed earlier in the litigation. Appellee's counsel had, however, moved his office sometime during the pendency of the litigation, and consequently the envelope containing the money order for appellee's accrued costs was returned unopened to appellants' counsel on July 26, 1979, twenty-nine days after the docketing of the arbitration award. Realizing his mailing error, appellants' counsel had the money order hand-delivered that same day to appellee's counsel at his new address. Appellee has apparently retained the payment of costs to date.

On August 21, 1979, appellee filed a motion to quash appellant's appeal from the arbitration award. The basis of the motion was appellants' failure to pay appellee's accrued costs within twenty days, pursuant to 5 P.S. § 71 (repealed).[1]

1. Section 71, in relevant part, required a party wishing to appeal an arbitration award to "pay all costs that may have accrued in such suit or action," § 71(II), "within twenty days after the day of the entry of the award of the arbitrators on the docket," § 71(IV).

Appellee noted in his motion that appellants had tendered the costs on July 26, but contended that such tender was untimely. The lower court agreed and granted appellee's motion to quash. This appeal followed.

Appellants contend that they made an honest effort to pay all appellee's accrued costs within twenty days after the docketing of the arbitration award, and that the mere fact that they inadvertently mailed their payment to the wrong address does not warrant the quashing of their appeal.[2] We

Pursuant to the Act of April 28, 1978, P.L. 202, No. 53, § 2(a) [149], clause IV of section 71 was repealed effective June 23, 1978. Most of the remainder of section 71 was repealed effective June 27, 1980. Payment of accrued costs is no longer a requirement for perfecting appeals from compulsory arbitration. *See* Pa.R.Civ.P. 1308 (effective May 15, 1981) and its accompanying Explanatory Note.

2. Appellants contend additionally that pursuant to 42 Pa.C.S.A. § 5571(b), the statutory period for perfecting their appeal from compulsory arbitration was 30, rather than 20 days as the lower court held. Thus, appellants argue, their tender of the accrued costs on July 26, 29 days after the docketing of the award, constituted full and timely compliance with the payment of costs requirement in effect at the time they took their appeal. Appellee responds that this contention is waived because appellants did not raise it in the court below. We need not address this matter because of our conclusion that even if appellants had only 20 days in which to perfect their appeal, they substantially complied with the payment of costs requirement within that time period. We note, however, that at the time appellants filed their appeal in the lower court, the statutory period for perfecting an appeal from compulsory arbitration was (and still is) 30 days. In concluding that appellants' tender of costs was untimely, the lower court relied on 5 P.S. § 71(IV), which established a 20–day period for the perfecting of appeals from compulsory arbitration. *See* note 1 *supra.* Section 71(IV), however, was no longer in effect when appellants filed their appeal from arbitration, having been repealed effective June 23, 1978. *See* note 1 *supra.* Since the repeal of section 71(IV), the time period for perfecting appeals from compulsory arbitration has been governed by 42 Pa.C. S.A. § 5571(b), which states in relevant part: "[A]n appeal from a tribunal or other government unit to a court . . . must be commenced within 30 days after the entry of the order from which the appeal is taken . . . ." *See Acri v. Wintermeyer,* 285 Pa.Super. 486, 428 A.2d 150 (1981) (local rule of court establishing 20–day period for appeals from compulsory arbitration invalid because in conflict with section 5571(b)); *Turner v. May Corp.,* 285 Pa.Super. 241, 427 A.2d 203 (1981) (section 5571(b) establishes time period for perfecting appeals from compulsory arbitration); *Lewis v. Erie Insurance Exchange,* 281 Pa.Super. 193, 200 n.7, 421 A.2d 1214, 1218 n.7 (1980) (noting in

agree. The payment of costs requirement of 5 P.S. § 71 has been held to be mandatory and jurisdictional. *James F. Oakley, Inc. v. School District of Philadelphia*, 464 Pa. 330, 334–35, 346 A.2d 765, 767 (1975). Nonetheless, our Court has held that

> a valid attempt to make such timely and full payment, coupled with substantial though incomplete compliance with the requirement should not result in the harsh finality of an order quashing an appeal from arbitration. Rather, our courts should examine the appellant's attempts at compliance in order to determine whether an honest effort has been made to meet the requirements of the statute.

*Black and Brown, Inc. v. Home for the Accepted, Inc.*, 233 Pa.Super. 518, 522, 335 A.2d 722, 724 (1975) (footnote omitted). *See also Sager & Sager Associates v. Bock*, 280 Pa.Super. 459, 421 A.2d 812 (1980); *Mikita v. Bailey Homes, Inc.*, 265 Pa.Super. 399, 401 A.2d 1367 (1979); *Lehman v. Moody*, 260 Pa.Super. 428, 394 A.2d 1002 (1978); *Friedgen v. Evangelical Manor*, 253 Pa.Super. 216, 384 A.2d 1309 (1978). In *Sager & Sager Associates v. Bock, supra,* we applied this principle and reversed an order quashing an appeal from compulsory arbitration under the following circumstances. After filing an appeal from an adverse arbitration award, the defendants inquired at the prothonotary's office to ascertain the plaintiff's accrued costs. Upon being informed that the docket reflected costs of $200, they paid that amount to the prothonotary. Subsequently, the plaintiff successfully moved to quash the appeal on the ground that the defendants had failed to pay certain filing and sheriff's fees totalling $40.65, of which the prothonotary had failed to inform them. We reversed, holding that "[t]he fact that the prothonotary erroneously did not include plaintiff's filing

dictum that "an award by a board of arbitrators in a compulsory arbitration would be subject to the thirty day appeal period specified in ... § 5571[(b)]."). The 30–day appeal period mandated by section 5571(b) has been expressly incorporated into our rules of civil procedure. *See* Pa.R.Civ.P. 1308(a)(1) (effective May 15, 1981). *See also* former Pa.R.Civ.P. 247.1 (rescinded effective May 15, 1981).

fee and sheriff's fee in the total does not change the fact that defendant[s] made a timely attempt to pay all the costs, though this later proved to be incomplete compliance." 280 Pa.Super. at 461, 421 A.2d at 813. *Cf. Black and Brown, Inc. v. Home for the Accepted, Inc., supra* (trial court properly quashed appeal from compulsory arbitration where appellant made no attempt whatsoever to pay any costs during appeal period).

We believe that the facts of the present case warrant the same result as that reached in *Sager & Sager Associates v. Bock, supra.* Appellants made an honest attempt to pay all appellee's accrued costs within twenty days after the docketing of the arbitration award. Had they mailed their payment to the proper address they would have been in full compliance with the payment of costs requirement of 5 P.S. § 71. As soon as appellants discovered their mailing error, they attempted to rectify it by promptly hand-delivering payment to appellee's attorney at his new office. We are unpersuaded by appellee's efforts to characterize what appears to be an honest mistake as a calculated effort to delay the proceedings.[3] Accordingly, we reverse the order of the lower court and remand for reinstatement of the appeal.

So ordered.

[3]. We recognize, as the lower court pointed out in its opinion, that appellants should have been aware of appellee's counsel's new address inasmuch as it was plainly printed on the bill of costs submitted to them immediately after the arbitrators made their award. This oversight, however, does not alter our conclusion that appellants made an honest effort to comply fully with the payment of costs requirement and therefore should not suffer the "harsh finality" of having their appeal quashed. *Black and Brown, Inc. v. Home for the Accepted, Inc., supra* 233 Pa.Super. at 522, 335 A.2d at 724.