542

■■■■■■■■■■■■■■■

451 A.2d 780

**Allen L. FEINGOLD, Appellant,**

**v.**

**A & C ELECTRIC COMPANY, INC. a/k/a A & C Service Company, Inc.**

Superior Court of Pennsylvania.

Argued Feb. 18, 1982.

Filed Oct. 15, 1982.

Petition for Allowance of Appeal Denied Jan. 24, 1983.

Allen Feingold, Philadelphia, for appellant.

Edgar R. Einhorn, Philadelphia, for appellee.

Before JOHNSON, MONTEMURO and MONTGOMERY, JJ.

PER CURIAM:

This is an appeal from an order quashing a plaintiff's Appeal from the Report and Award of Arbitrators in the Philadelphia Common Pleas Court. We affirm.

Plaintiff, an attorney-at-law, had entered into a home improvement contract with the defendant for certain heating, air conditioning and electrical work at plaintiff's residence. Plaintiff thereafter instituted suit in assumpsit against the defendant contractor and the matter was duly assigned to arbitration. The plaintiff secured an award in his favor in the amount of $1,050.00, with interest. He then sought to file an appeal from the arbitration award, limiting his appeal solely to the issue of the *amount* of the damages, while seeking to leave intact the finding as to the contractor's liability in assumpsit.

In response, the defendant filed its motion to quash the appeal, contending that the statutory mandate that all appeals from compulsory arbitration pursuant to 42 Pa.C. S.A. § 7361(d) be *de novo,* thereby precluding any selective appeal limited to the damage issue alone. We agree.

Our review of the record and the briefs of the parties compels us to conclude that the position and contentions of the plaintiff-appellant are wholly devoid of merit. The excellent opinion of Judge Bernard J. Goodheart filed September 18, 1981 more than adequately disposes of appellant's contentions and is hereby adopted for purposes of allocatur.

We note that appellant seeks to advance the argument on this appeal that amendment of the appeal from the award of arbitrators should be permitted *nunc pro tunc,* were this court to agree with the reasoning and order of the trial court on the motion to quash. Our examination of the

pleadings and the record satisfy us that this issue was not properly presented to the trial court, and is not properly before us on appeal. Plaintiff, in his Petition for Reconsideration of the Court's Order of March 18, 1981, prayed that the trial court's order here under review be "vacated and stricken, and the defendant's Motion to Quash Appeal ... be denied." There is nothing in the conclusion of law contained in the third paragraph of the Petition to support appellant's belated suggestion that he be permitted the opportunity to continue pursuit of this appeal.

The order of the distinguished trial judge, dated March 18, 1981, is affirmed.