456 A.2d 602

**Stephen ARMSTRONG and Sharon Collins, Appellants,**

**v.**

**TRAVELERS INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Feb. 23, 1982.

Filed Feb. 11, 1983.

Allen L. Feingold, Philadelphia, for appellants.

Jo Marjorie Fineman, Philadelphia, for appellee.

Before CAVANAUGH, McEWEN and HOFFMAN, JJ.

McEWEN, Judge:

We here consider an appeal from an order which granted the petition of defendant-appellee to quash an appeal from an award of arbitrators entered in favor of appellants. We are compelled to reverse the order, reinstate the appeal and remand to allow appellant Sharon Collins leave to amend the appeal from the award of arbitrators.

This case arises out of an automobile accident which occurred in Philadelphia on April 27, 1976. The appellants originally filed a complaint in trespass and assumpsit against the appellee, Travelers Insurance Company, alleging that Travelers failed to make payments under the assigned claims provisions of the Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 P.S. § 1009.101 *et seq.*, and the matter proceeded to arbitration on October 22, 1980. The Report and Award of Arbitrators was filed on December 3, 1980 and entered the following awards:

Finding in favor of plaintiff, Sharon Collins and against defendant, Travelers Insurance Company, in amount of $1,544.00, with interest at 18% per annum from January 18, 1979.

Finding in favor of plaintiff, Stephen Armstrong, and against defendant, Travelers Insurance Company, in amount of $3,363.40, with interest * from November 15, 1978.

Finding in favor of counsel, Allen L. Feingold, Esquire and against defendant, Travelers Insurance Company, in amount of $750.00 as counsel fee.

(* interest at 18% per annum)

Appellants filed an appeal from the award of the arbitrators on January 2, 1981 in which they asserted that they were not appealing the findings of the arbitrators on liability but were only appealing the amount of the award entered in favor of Sharon Collins and the amount of the counsel fee awarded her attorney, Allen Feingold.[1] This appeal, cap-

1. The notice of appeal limited the issues to be reviewed on appeal de novo as follows:
   PLAINTIFFS DO NOT APPEAL the finding in favor of the plaintiff Sharon Collins and against the defendant Travelers Insurance Company.
   PLAINTIFFS DO APPEAL the finding in the amount of $1,544.40, with interest at 18% per annum from January 18, 1979 for the plaintiff Sharon Collins and against the defendant.
   PLAINTIFFS DO NOT APPEAL the finding in favor of the plaintiff Stephen Armstrong and against the defendant Travelers Insurance Company, in the amount of $3,363.40 with interest at 18% per annum from November 15, 1978.

tioned as the appeal of both plaintiffs is in fact the appeal of Sharon Collins only and for that reason we shall hereinafter refer to the appealing party as "appellant" rather than "appellants".

Appellant averred in the notice of appeal that all record costs had been paid, and forwarded to defense counsel a notice of appeal from the award of arbitrators together with a form cover letter dated January 2, 1981, on which there appeared the following postscript:

> P.S. I have checked the docket and can find no record costs for you. If this is incorrect, please advise me and I will be happy to pay any proper costs you may have.

Appellees then filed a Petition to Quash Appeal or in the alternative to request that the appeal be molded into proper form alleging, *inter alia:* (1) that plaintiffs had not contacted defendant during the appeal period to ascertain what costs if any may have been expended by the defendant; (2) that plaintiffs had not fully paid or tendered accrued costs arising from the arbitration proceeding within twenty days after the entry of the arbitration award in contravention of the applicable statutory law governing appeals from compulsory arbitration awards; and (3) that plaintiffs had taken an improper "piecemeal appeal", also in contravention of the statutory requirement that "all appeals [from an award of arbitrators] shall be de novo." 5 P.S. § 71.[2]

The answer of appellant to the petition to quash averred that an inspection of the docket had been made which

PLAINTIFFS DO NOT APPEAL the finding in favor of counsel Allen L. Feingold, Esquire and against the defendant Travelers Insurance. PLAINTIFFS DO APPEAL the finding of the amount of $750.00 as counsel fee in favor of Allen L. Feingold, Esquire and against the defendant.

2.  The Act of June 16, 1836, P.L. 715, § 27, as amended, 5 P.S. § 71 was repealed by the Judiciary Repealer Act of 1978, Act of April 28, 1978, P.L. 202, No. 53, § 2(a) [149], effective June 27, 1980. The compulsory arbitration appeal procedure set forth in 5 P.S. § 71, as amended and as modified by Rule 247.1 remained in effect until the new Rules of Civil Procedure governing the law with regard to actions submitted to compulsory arbitration became effective on May 16, 1981. *See* Pa.R.Civ.P. 1301–1314 and Introductory Explanatory Note thereto.

revealed there were no record costs for the defendant and further claimed that the appeal was proper, that there was complete compliance with all of the rules regarding an appeal from an arbitration award, that such an appeal should be limited to the parties and issues raised therein and that the appeal was properly limited to the amount of damages awarded to one of two plaintiffs, namely, Sharon Collins.

The Common Pleas Court by order dated April 28, 1981, directed that the appeal from the award of arbitrators be quashed and stricken from the docket entries. The appellant thereafter, filed a notice of appeal from this order on May 5, 1981.

Appellant further filed a Petition for Reconsideration of the order quashing the appeal on May 6, 1981, which asserted that there was no basis in law for quashing the appeal. She argued that if the court believed that the appeal was defective because it challenged only the damage award and that a "de novo" appeal included instead a determination as to both liability and damages, then the appeal, despite the fashion in which it was framed, should be deemed to include both issues. Appellant argues, therefore, that the trial court should have "enlarged the appeal *ab initio.*" This petition was denied on June 21, 1981.[3] The Common Pleas Court in its opinion in support of the order quashing the appeal determined: (1) that the efforts of the appellant to satisfy the statutory requirements regarding the payment of costs in an appeal from an award of arbitrators were both untimely and insufficient and; (2) that since an appeal from an arbitration award requires a trial *de novo* as to all parties including the right to contest

---

**3.** While the parties agree on the facts that a petition for reconsideration was filed and denied, the docket entries do not reflect that appellant had ever filed this petition. It is clear, assuming arguendo that the petition for reconsideration was proper, the Common Pleas Court lacked jurisdiction to enter the order denying reconsideration at the time it did so since jurisdiction was in the Superior Court by reason of the appeal to this court several weeks earlier. *See* Pa.R.A.P. 1701(b)(3), Pa.R.A.P. 903.

or disprove liability, any attempt to limit the issues on appeal would be improper.

Appellant here contends that she fully complied with the relevant statutory provisions regarding payment of accrued costs prerequisite to an appeal from an arbitration award and did so in a timely fashion. Counsel for appellant argues that he paid all accrued costs which appeared from an inspection of the docket in the office of the Prothonotary and then, after noting that appellee had no observable record costs, notified counsel for appellee that he would be willing to pay any proper costs incurred. Our review of the docket entries confirms the accuracy of the contention of appellant that the docket entries do not reflect that appellee filed a bill of costs and that appellant paid all record costs appearing on the docket. The record further reflects that counsel for appellant paid the accrued record costs and filed the appropriate bond on January 2, 1981, the date on which he filed the appeal from the award of arbitrators.

█ It is clear that the payment made by appellant was sufficiently timely to perfect the appeal since the statutory period for perfecting an appeal from a compulsory arbitration award was, at the time the appeal was filed, thirty days rather than twenty days as the hearing court held in its opinion. See 42 Pa.C.S.A. § 5571(b). The hearing court relied, in reaching its decision, upon 5 P.S. § 71(IV) which established a twenty day period for the perfecting of appeals from compulsory arbitration. The pertinent portions of § 71 required a party wishing to appeal an arbitration award to "pay all costs that may have accrued in such suit or action," 5 P.S. § 71(II), within twenty days after the entry of the award of the arbitrators on the docket." 5 P.S. 71(IV). However, pursuant to the Act of April 28, 1978, P.L. 202, No. 53 § 2(a) [149], clause four of § 71 was repealed effective June 23, 1978. When appellants filed their appeal from the arbitration award, § 71(IV) was no longer in effect and the time period for perfecting appeals from compulsory arbitration was then governed by 42 Pa.C. S.A. § 5571(b) which provides that: "[A]n appeal from a

tribunal or other government unit to a court ... must be commenced within thirty days after the entry of the order from which the appeal is taken ..."[4] We have held this provision of the Judicial Code applicable to appeals from arbitration awards. *See Kurtzman v. Passyn,* 290 Pa.Super. 197, 198–199 n. 1 and 2, 434 A.2d 198, 199–200 n. 1 and 2 (1981); *Acri v. Wintermeyer,* 285 Pa.Super. 486, 428 A.2d 150 (1981); *Turner v. May Corp.,* 285 Pa.Super. 241, 427 A.2d 203 (1981); *Lewis v. Erie Insurance Exchange,* 281 Pa.Super. 193, 200–201 n. 7, 421 A.2d 1214, 1218 n. 7 (1980) (the court in *dictum* noted that "an award by a board of arbitrators in a compulsory arbitration would be subject to the thirty day period specified in ... § 5571(B).") Therefore, assuming that the payment by appellant of the observable record costs constituted a substantial compliance with the portion of the statute requiring payment of all accrued costs, appellant perfected the appeal in a timely fashion.

We next review the question of whether the payment by appellant of the accrued record costs appearing on the docket was sufficient to constitute substantial compliance with the mandate of the statute that *all* accrued record costs be paid within the applicable appeal period. Our

---

**4.** The Supreme Court, in an effort to clarify the applicability of § 5571(b) to appeals from compulsory arbitration awards, promulgated Pa.R.C.P. 247.1 on January 21, 1980, effective upon publication in the Pennsylvania Bulletin on February 2, 1980. The Rule is set forth as follows:

Rule 247.1. Compulsory Arbitration. Time for Appeal. Payment of Costs and Fees.

An appeal from an award of arbitrators in compulsory arbitration shall be taken within thirty days after the entry of the award on the docket. At the time of taking the appeal, the appellant shall pay all costs and fees which are required to be paid and shall file the required recognizance. No oath or affirmation shall be required.

The Rule and the comment thereto made clear that the statutory requirements for the perfection of an appeal from an award of arbitrators during the transitional period between the repeal of the Act of 1836 and the effective date of the new Rules of Civil Procedure governing compulsory arbitration remained the same as they had been under the Act of 1836, 5 P.S. § 71, with the exception of the new 30 day appeal period and the elimination of the requirement of an oath or affirmation by the appealing party that the appeal is not taken for the purpose of delay.

Supreme Court has held that the payment of costs require-
ment of 5 P.S. § 71 is mandatory and jurisdictional. *James
F. Oakley, Inc. v. School District of Philadelphia,* 464 Pa.
330, 334–335, 346 A.2d 765, 767 (1975); *Accord Kurtzman
v. Passyn, supra.* However, this holding was accompanied
by the caveat that:

> [A] valid attempt to make such timely and full payment,
> coupled with substantial though incomplete compliance
> with the requirement should not result in the harsh
> finality of an order quashing an appeal from arbitration.
> Rather, our court should examine the appellant's at-
> tempts at compliance in order to determine whether an
> honest effort has been made to meet the requirements of
> the statute.

*James F. Oakley, Inc. v. School District of Philadelphia,
supra,* 464 Pa. at 334, 346 A.2d at 767; *Accord, Kurtzman
v. Passyn, supra,* 290 Pa.Super. at 200, 434 A.2d at 200;
*Daws v. DeLuca,* 286 Pa.Super. 243, 428 A.2d 663 (1981);
*Sager & Sager Associates v. Bock,* 280 Pa.Super. 459, 421
A.2d 812 (1980); *Mikita v. Bailey Homes, Inc.,* 265 Pa.Su-
per. 399, 401 A.2d 1367 (1979); *Black & Brown, Inc. v.
Home for the Accepted, Inc.* 233 Pa.Super. 518, 522, 335
A.2d 722, 724 (1975).

Our review of the record reveals that: (1) appellant did in
fact make a timely and full payment of all record costs
appearing on the docket at the time he filed the notice of
appeal; (2) no accrued costs of the appellee appeared in the
docket entries; (3) counsel for appellant notified appellee
when he forwarded the notice of appeal that he had checked
the docket, could find no record costs for appellee and
offered to pay any proper accrued costs of the appellee; (4)
appellee never responded to the request of appellant for a
bill of costs.

We were confronted with a similar situation in *Sager &
Sager Associates v. Bock, supra.* In that case the defend-
ants, after filing an appeal from an adverse arbitration
award, were informed by the office of the prothonotary that
the docket reflected accrued costs of $200.00 which they

paid to the prothonotary. Thereafter, the plaintiff filed a motion to quash the appeal on the ground that the defendants had failed to pay certain filing and sheriff fees of which they were not informed by the prothonotary. The lower court quashed the appeal. We reversed and held that "[t]he fact that the prothonotary erroneously did not include the Plaintiff's filing fee and sheriff's fee in the total does not change the fact that defendant[s] made a timely attempt to pay all the costs though this later proved to be incomplete compliance." *Id.* 280 Pa.Super. at 461, 421 A.2d at 813. *See also Kurtzman v. Passyn, supra.*

■ The facts of this case are so similar as to warrant the same result as we reached in *Sager & Sager Associates v. Bock, supra.* We are convinced that the appellants here clearly made an honest effort to meet the requirements of the statute by paying all accrued record costs appearing on the docket of the Prothonotary within thirty days after the arbitration award was docketed. Therefore, we conclude that appellant complied with the payment of costs requirement of the Arbitration Act which although repealed, remained effective as modified by Pa.R.C.P. 247.1. Since the opinion of the Common Pleas Court primarily based its decision to quash the appeal upon the purported failure of the appellant to satisfy in a timely manner the statutory requirements concerning payment of costs accrued, we are compelled to reverse the order which quashed the appeal and remand for reinstatement of the appeal.

Appellee argues, as an alternative ground for affirming the order of the hearing court, that the appeal of the plaintiff was properly quashed for the reason that the nature of the appeal had been improperly limited to the amount of damages awarded in an effort to maintain the favorable determination of the arbitrators as to liability. Appellant, on the other hand, contends that the Arbitration Act as it was then in effect required only *de novo* review of the issue actually raised in the appeal which here included the damage award to plaintiff Sharon Collins and the counsel fee award to her attorney. In the alternative, appellant

argues that they should be permitted to "amend the appeal *ab initio* or *nunc pro tunc*" should the court determine that the Arbitration Act required *de novo* review of all issues properly raised in the appeal from the award of the arbitrators.

Our review of the applicable statutory and decisional law reveals that an appeal from an award of arbitrators has always been and still must be a *de novo* proceeding on appeal to the Common Pleas Court. *See* Act of June 16, 1836, P.L. &15, § 27, as amended, 5 P.S. § 71(V) (repealed); 42 Pa.C.S. § 7361(d); Pa.R.Civ.P. 1311(a) and accompanying Explanatory Note. There was, for a time, considerable litigation concerning the limited scope of an appeal from an arbitration award by one of several co-defendants out of which developed a general rule that such an appeal was limited in scope to the award against the individual defendant appealing and would not be considered an appeal on behalf of any other defendants in the case unless it appeared that this was the intention of the appealing party. *Werner v. Springfield Dodge, Inc.*, 253 Pa.Super. 14, 384 A.2d 952 (1978); *Mitchell v. City of Pittsburgh*, 233 Pa.Super. 119, 335 A.2d 403 (1975); *Romanovich v. Hilferty*, 212 Pa.Super. 570, 577, 245 A.2d 701, 705 (1968); *Delmarmol v. Fidelity & Deposit Co.*, 225 Pa.Super. 90, 310 A.2d 363 (1973); *Fante v. Philadelphia Transp. Co.*, 222 Pa.Super. 276, 294 A.2d 776 (1972); *Flouders v. Foster*, 212 Pa.Super. 418, 243 A.2d 146 (1968); *see also Ottaviano v. Southeastern Pennsylvania Transportation Authority*, 239 Pa.Super. 363, 361 A.2d 810 (1976); *Washik v. Chase*, 231 Pa.Super. 378, 332 A.2d 481 (1974). The confusion engendered by these decisions was eliminated by a simpler rule proposed by our eminent colleague Judge Gwilym A. Price, Jr. in his concurring opinion in *Mitchell v. City of Pittsburgh, supra,* which posited that an appeal by any party should be treated as an appeal by all parties as to all issues.

■ This proposal became a rule of civil procedure governing compulsory arbitration. See Explanatory Note, Compulsory Arbitration, Notes of Civil Procedural Rules

Committee (1981), and Pa.R.Civ.P. 1309 ("An appeal by any party shall be deemed an appeal by all parties as to all issues unless otherwise stipulated in writing by all parties.") However, at the time this appeal from the award of arbitrators was filed the new rules were not yet in effect and the procedures set forth in 5 P.S. § 71, as modified by Pa.R.C.P. 247.1 provided the procedure to be followed in perfecting an appeal from an award of arbitrators. The general rule that such an appeal was limited in scope to the award against the individual defendant appealing and would not be considered an appeal on behalf of any other defendant unless it was apparent that such was the intention of the appealing party seemingly remained the majority rule during this transitional period. While this case involves an appeal by a plaintiff and our research reveals no cases in which one of several prevailing plaintiffs appealed a favorable award, we believe the then general rule applies here where one of two plaintiffs has appealed a favorable award and has expressly limited the appeal to the award entered in her favor.

Nevertheless, it is clear that even under the former Arbitration Act, the right to an appeal *de novo* did not allow a determination that was limited to the amount of damages only. We reviewed a similar contention in *Dickerson v. Hudson*, 223 Pa.Super. 415, 302 A.2d 444 (1973) and there stated that:

> Appellee argues that our reversal should be limited to granting appellant's right to appeal and to a jury trial solely on the issue of damages, since no defense evidence on the question of liability was presented at the arbitration hearing. We reject this contention. The statute provides that '[a]ppeals shall be de novo' and the right to trial by jury is in no way limited once the prerequisites to appealing have been met. 223 Pa.Super. at 426, 302 A.2d at 449.

*Accord, Piernikowski v. Cardillo*, 263 Pa.Super. 202, 397 A.2d 817 (1979).

It was on the basis of the decision of the learned Judge Theodore O. Spaulding in *Dickerson* that our Supreme Court concluded in *Weber v. Lynch,* 473 Pa. 599, 610, 375 A.2d 1278, 1283 (1977), that "although § 27 of the Arbitration Act provides for *de novo* appeals from compulsory arbitration, the legislature intended such appeals, once perfected, to proceed to trial with no evidentiary limitations upon the parties other than those which would be applicable to an original trial."

Therefore, we conclude that the contention of appellant that the appeal should be specifically limited to the amount of the damage award entered in favor of Sharon Collins as well as the amount of the counsel fee awarded to her attorney, is contrary to the provision of the statute that "all appeals shall be de novo". 5 P.S. § 71 (repealed).

Since we have found that appellant has substantially complied with the necessary prerequisites to an appeal from an award of arbitrators, there does not appear to be any reason why appellant should be denied the right to appeal the award simply for the reason that she attempted to limit the issues raised on appeal to the award of damages entered in her favor and to the award made to her attorney. Therefore, we reverse the order which quashed the appeal, reinstate the appeal and remand with leave in appellant to amend the appeal so that it shall be a *de novo* appeal from the award entered in her favor as to the issue of liability and damages.[5] The question of whether an award and counsel fees for her attorney is appropriate and, if so, the proper amount of such an award shall be a matter for the

**5.** In *Feingold v. A & C Electric Company, Inc.,* 305 Pa.Super. 542, 451 A.2d 780 (1982), we appear to have reached a different result on this issue. There we affirmed an order of the Common Pleas Court which quashed the compulsory arbitration appeal of the plaintiff in which he had attempted to appeal a favorable award of arbitrators and limit the issue on appeal to the amount of the damage award. We did not there address the question of whether the appellant should be allowed to amend the appeal on the merits for the reason that appellant had not properly preserved the issue in the lower court. Here, however, we believe that appellant has adequately preserved this issue for review through the petition for reconsideration presented to the hearing court.

trial court to determine during the *de novo* appeal proceedings.[6]

Reversed and remanded. Jurisdiction is relinquished.

6. We note that the counsel fee award made by the arbitration panel was an award for services rendered by counsel to both appellant Sharon Collins and the non-appealing co-plaintiff Steven Armstrong. Therefore, it would appear that the counsel fee award, if deemed proper by the court on the appeal *de novo*, should be augmented so that counsel is compensated satisfactorily for the services rendered in connection with the appeal from the arbitration award.