J-S07034-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN JAROSZEWICZ, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| BUXTON ENTERPRISES, LLC D/B/A | : | |
| 1-800-GOT-JUNK AND | : | |
| WALTER KOLECKI, | : | |
| | : | |
| Appellee | : | No. 2637 EDA 2019 |

Appeal from the Order Entered August 27, 2019
in the Court of Common Pleas of Montgomery County
Civil Division at No(s): No. 2017-26353

BEFORE:    NICHOLS, J., KING, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:        **FILED MAY 28, 2020**

John Jaroszewicz (Appellant) appeals the August 27, 2019 order which denied his motion for reconsideration. Upon review, we quash this appeal.

The trial court set forth the following factual and procedural history.

Appellant instituted the action from which this appeal was taken by writ of summons filed in November 2017, against an entity called 1-800-GOT-JUNK, later revising the name of the entity on the docket to Buxton Enterprises, LLC, doing business as 1-800-GOT-JUNK.[1] In a complaint filed in the action in February 2018, Appellant sought damages for conversion, alleging that representatives of Buxton, acting on the instructions of Walter Kolecki, Appellant's brother-in-law, had entered Appellant's apartment and a shed he used, in which neither Kolecki nor Buxton had any right or interest, and removed items of Appellant's personal property including cash without his knowledge or

---

[1] Buxton Enterprises, LLC, d/b/a 1-800-GOT-JUNK, has not participated in this appeal.

*Retired Senior Judge assigned to the Superior Court.

consent, never to return them. Kolecki pled guilty to the crime of theft by unlawful taking of moveable property over the incident.

Buxton filed an answer to the complaint, with new matter, and also a complaint against Kolecki, joining him to the action, and he answered, introducing new matter of his own. Earlier, in September 2016, Appellant had started suit against Kolecki over the same incident; in January 2019, [the trial court] consolidated the earlier action into this one, based on a stipulation submitted by all parties' counsel.

On April 8, 2019, the case went to compulsory arbitration pursuant to the Judicial Code, 42 Pa.C.S. § 7361, the Pennsylvania Rules of Civil Procedure, Pa.R.C.P. 1301, and local rule, Montg. Co., Pa.R.C.P. 1301. The board of arbitrators rendered an award in favor of Appellant and against Kolecki in the amount of $45,000, specifying $30,000 as punitive damages and $15,000 as legal fees. The arbitrators found, "[Appellant] has been previously compensated for all compensatory damages." The arbitrators also found in favor of Buxton and against Appellant.

The same day, the Prothonotary of [the trial court] entered the award of record on the docket and notified all parties' attorneys of its entry pursuant to Pa.R.C.P. 1307(a). Ordinarily, under Pa.R.C.P. 1307(c), "If no appeal is taken within thirty days after the entry of the award on the docket, the prothonotary on praecipe shall enter judgment on the award." However, on the thirtieth day from entry of the award, May 8, 2019, Kolecki (through counsel) filed a petition entitled "Application to Mold Arbitration Award," invoking another provision of that rule, Pa.R.C.P. 1307(d) []:

> Where the record and the award disclose an obvious and unambiguous error in the award in mathematics or language, the court, on application of a party within the thirty-day period allowed for appeal, may mold the award to the same extent and with the same effect as the court may mold the verdict of a jury. **The filing of such an application shall stay all proceedings including the running of the thirty-day period for appeal until disposition of the application by the court. Any party may file a notice of appeal within the thirty-day appeal period prescribed**

**by Rule 1308(a) or within ten days after disposition of the application, whichever is later.**

[Pa.R.C.P. 1307(d) (emphasis added).]

With the thirty-day period for appealing the award of arbitrators thus stayed under this provision, [the trial court] proceeded to consider Kolecki's application. On June 20, 2019, [the trial court] denied it. Kolecki filed a motion for reconsideration, which [the trial court] denied in an order entered June 27[, 2019].

Meanwhile, in apparent violation of the stay in effect under Pa.R.C.P. 1307(d) as a result of the filing of the application on May 8[, 2019], on May 9[, 2019], Appellant had filed a praecipe to enter, and the Prothonotary had entered, judgment on the arbitrators' award. On June 11[, 2019], Kolecki filed a petition to strike the judgment, and the [c]ourt [a]dministrator, pursuant to local rule, Montg. Co.[]R.C.P. 206.4(c), issued a rule to show cause and order to answer the petition within twenty days. Appellant did not comply, and the petition remains outstanding.

On July 1, 2019, within the ten-day period after disposition of the application to mold the arbitrators' award specified by Pa.R.C.P. 1307(d) (as enlarged by Pa.R.C.P. 106(b) by virtue of the tenth day, June 30, falling on a Sunday), Kolecki filed a notice of appeal of the arbitrators' award under Pa.R.C.P. 1308. On July 3, 2019, Appellant filed an application for relief entitled "Plaintiff's Emergency Petition to Quash Defendant, Walter Kolecki's, *De Novo* Appeal from Board of Arbitrators' Decision." On July 15, 2019, the [c]ourt [a]dministrator scheduled the "emergency" application for hearing [on] July 17[, 2019....[2]]

At the hearing on the motion, Appellant's counsel presented the same … view set forth in the motion of interplay between Rule 1307 and Rule 1308. Counsel seemed to argue, among other things, that because Kolecki's application filed May 8[, 2019] was

_____

[2] As noted by the trial court, pursuant to local rule, the emergency motion should have been forwarded to the assigned judge, but in this case, the court administrator forwarded it to the judge assigned to hear the list of emergency matters that day.  Trial Court Opinion, 11/4/2019, at 3-4, *quoting* Montg. Co.[]R.C.P. 208.3(b)(2).

not a rule application to "mold" the arbitrators' award within the meaning of Pa.R.C.P. 1307(d) & explanatory cmt.—1981, the application did not stay the normal thirty-day period for appealing the award set forth in Pa.R.C.P. 1308(a)(1), despite the clear implication, indeed statement, that the application did exactly that.

At the conclusion of the hearing, the [trial court] ordered the parties, by August 1, 2019, to file briefs, with proposed orders, specially emphasizing,

> The parties are free to raise any legal issues presented at today's hearing but should provide to the [trial court] those lower or appellate cases that address Rule 1307(d) language "[w]here the record and the award disclose an obvious and unambiguous error in the award in mathematics or language" to allow molding of the award to the same extent as the court may "mold the verdict of a jury."

Order, [7/18/2019] (quoting Pa.R.C.P. 1307(d)). The parties complied….

On August 13, 2019, in a memorandum and order entered on the docket August 14, 2019, the [trial court] denied the "emergency" petition to quash Kolecki's *de novo* appeal from the award of arbitrators timely filed within ten days of [the] disposition of the timely application to "mold" the award.

***

The [trial court] found that Kolecki's application to "mold" the award perhaps did not fall within the technical parameters of the limited grounds for such an application described in [Rule 1307(d)] and comment, and was probably improvidently filed for that reason. However, that was not the question before [the trial court. The trial court] observed that the application had gone before [a different trial court judge] and he had simply denied it--no doubt the fate of most improvident applications filed over the years in many different contexts. [The trial court] found, however, that the application had been timely filed under the rule, and that the appeal *de novo* had been timely filed within ten days after disposition of the application, as also required by the rule;

- 4 -

therefore, [Appellant's] petition to quash the appeal had to be denied.

On August 20, 2019, Appellant filed a motion for reconsideration of the [trial court's] memorandum and order, pressing the same arguments and erroneous interpretations of the rules that the motion to quash the appeal had raised. On August 21, 2019, [the trial court] issued a second opinion in the form of a memorandum and order addressing and denying the motion for reconsideration. On August 26, 2019, Appellant filed "Plaintiff's Motion for Reconsideration and Clarification of This Court's Orders Dated August 13, 2019 and August 21, 2019." [The trial court] denied Appellant's "Motion for Reconsideration and Clarification" in an order dated August 27[, 2019]….

Trial Court Opinion, 11/4/2019, at 1-6 (citations to record, asterisk, and some parentheses omitted; party designations and some paragraph breaks altered).

This appeal followed.[3] On October 8, 2019, this Court issued an order directing Appellant to show cause as to the basis of our jurisdiction over this matter. Order, 10/8/2019, at 1. Citing Pa.R.A.P. 341 and interpretive case law, we noted that an order denying a motion to quash an appeal of an award of arbitrators is interlocutory, and further, that the denial of reconsideration is generally not subject to review on appeal. *Id.* In his October 15, 2019 response, Appellant did not provide a basis as to why this Court has jurisdiction over his appeal. Rather, he relied on Pa.R.C.P. 1307 and *Stivers Temp. Pers., Inc. v. Brown*, 789 A.2d 292 (Pa. Super. 2001), to argue that Kolecki's *de novo* appeal of the arbitration award was untimely filed because

_____

[3] The trial court did not order Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and none was filed. On November, 4, 2019, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

- 5 -

it was filed more than 30 days after the award was entered on the trial court docket. Response to Rule to Show Cause, 10/15/2019, at 1-3. He requested this Court enter an order limiting Kolecki's issue in his *de novo* appeal from the arbitration award to only whether the trial court properly denied Kolecki's petition to mold the award. *Id.* By order entered October 24, 2019, this Court discharged our show-cause order and deferred the issues of finality and appealability of the trial court's August 27, 2019 order to this panel for consideration. Order, 10/24/2019, at 1.

On appeal, Appellant presents one question for our review: "Whether [Kolecki] should have been granted a *de novo* appeal after thirty [] days had expired from the date of the compulsory arbitration decision." Appellant's Brief at 7. According to Appellant, Kolecki untimely filed his notice of appeal of the arbitrators' award. He argues that Kolecki had no basis for filing an application to mold the arbitration award as it did not disclose any obvious errors in mathematics or language and thus, Kolecki cannot get the benefit of the stay of the appeal period pursuant to Pa.R.C.P. 1307(d). *Id.* at 11-24. As such, he believes Kolecki's *de novo* appeal "should be limited to the molding issue." *Id.* at 13.

We begin by pointing out that an appeal does not lie from the denial of a motion for reconsideration. *Erie Ins. Exch. v. Larrimore*, 987 A.2d 732, 743 (Pa. Super. 2009) ("Denial of reconsideration is not subject to appellate review.") (citing *Cheathem v. Temple Univ. Hosp.*, 743 A.2d 518, 521 (Pa.

Super. 1999)). Thus, Appellant should have appealed from the denial of his petition to quash Kolecki's *de novo* appeal of the arbitration award, which was docketed and sent to the parties on August 14, 2019. *See Frazier v. City of Philadelphia*, 735 A.2d 113, 115 (Pa. 1999) ("[A]n order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given."). Because the appeal was filed within 30 days of the order docketed August 14, 2019, it is timely filed. *Oliver v. Irvello*, 165 A.3d 981, 983 n.1 (Pa. Super. 2017) (stating appeal does not lie from order denying motion for reconsideration, but finding appeal was timely filed because it was filed within 30 days of the date of entry of judgment), *citing* Pa.R.A.P. 903.

Nonetheless, even if Appellant had appealed from the order docketed on August 14, 2019, we must determine whether the order is appealable, because appealability implicates our jurisdiction. *In the Interest of J.M.*, 219 A.3d 645, 650 (Pa. Super. 2019). "Jurisdiction is purely a question of law; the appellate standard of review is *de novo* and the scope of review plenary." *Id.*

Appellant does not address appealability in his brief. Kolecki argues the order from which Appellant appeals is not a final order and his appeal must be quashed. Kolecki's Brief at 23. The trial court, relying on our rule-to-show-cause order, determined Appellant's appeal is interlocutory, not made appealable by any rule or statute, and must be quashed for lack of this Court's jurisdiction. Trial Court Opinion, 11/4/2019, at 9-10.

"In this Commonwealth, there are few legal principles as well settled as that an appeal lies only from a final order, unless otherwise permitted by rule or statute." **McCutcheon v. Philadelphia Elec. Co.**, 788 A.2d 345, 349 (Pa. 2002). As our Supreme Court explained,

> Pa.R.A.P. 341 defines a "final order" in clear and unambiguous terms. In relevant part, Rule 341 provides that "[a] final order is any order that: (1) disposes of all claims and of all parties.…" Pa.R.A.P. 341(b)(1). In other words, an order satisfies the Rule's definition if it ends the litigation as to all claims and as to all parties. Note to Pa.R.A.P. 341.

**McCutcheon**, 788 A.2d at 350. Notwithstanding Pa.R.A.P. 341, our appellate rules permit, in certain circumstances, appeals from interlocutory orders.

> [I]n addition to an appeal from final orders of the Court[s] of Common Pleas, our rules provide the Superior Court with jurisdiction in the following situations: interlocutory appeals that may be taken as of right, Pa.R.A.P. 311; interlocutory appeals that may be taken by permission, Pa.R.A.P. [312]; appeals that may be taken from a collateral order, Pa.R.A.P. 313; and appeals that may be taken from certain distribution orders by the Orphans' Court Division, Pa.R.A.P. 342.

**Commonwealth v. Garcia**, 43 A.3d 470, 478 n.7 (Pa. 2012) (internal quotations omitted), *quoting* **McCutcheon**, 788 A.2d at 349 n.6.

"An order is not final … and thus is interlocutory unless it effectively puts the litigant 'out of court.'" **Daws v. DeLuca**, 428 A.2d 663, 664 (Pa. Super. 1981) (citation omitted). In **Daws**, we quashed an appeal of an order denying a motion to quash an appeal of an arbitration award. We noted that the appellants had not been put "out of court" and stated that "[a]n appeal does

not lie from an order refusing to strike off an appeal from arbitrators, as such an order is merely interlocutory." 428 A.2d at 664 (citation omitted).

As noted above, the instant appeal was improperly taken from the August 27, 2019 order denying Appellant's motion for reconsideration However, even if Appellant had appealed from the August 14, 2019 order denying his petition to quash Kolecki's *de novo* appeal of the arbitration award, it is not appealable because it is not a final order, does not end the litigation as to all claims and parties, and does not effectively put Appellant "out of court." Pa.R.A.P. 341; *McCutcheon*, 788 A.2d at 350; *Daws*,428 A.2d at 664. Further, no suggestion has been proffered by Appellant that jurisdiction arises from any other rule or statute. Thus, we are without jurisdiction and must quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/28/20